[Civ. No. 4203. First Appellate District, Division One.—April 11, 1922.]

JOE P. DeCARLI, Appellant, v. ASSOCIATED OIL COMPANY (a Corporation), et al., Respondents.

[1] Workmen's Compensation Act — Injury Through Serious and Willful Misconduct of Employer—Remedy of Employee—Constitutionality of Act.—The remedy provided by section 6 (b) of the Workmen's Compensation Act, that when an employee is injured through "the serious and willful misconduct of the employer," etc., the amount ·of compensation shall be increased one-half, is exclusive of all other statutory or common-law remedies, and as such is not violative of the constitution.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jay Monroe Latimer for Appellant.

Redman & Alexander for Respondents.

TYLER, P. J.—Action for damages for personal injuries. Plaintiff alleges that he was employed by defendant Associated Oil Company, and that while engaged in his duties as such employee he received severe personal injuries through the gross and willful carelessness and negligence of defendant company. Defendant Ocean Life Insurance Company was the insurance carrier of defendant Oil Company and was made a party defendant solely for that reason. Both defendants demurred generally to the complaint upon the ground that it did not state a cause of action, and upon the further grounds of lack of jurisdiction of the court, misjoinder, and uncertainty.

The ground relied upon below was that the superior court had no jurisdiction, it being claimed that the matter of employers' legal liability for injuries to employees was vested

1. "Serious and willful misconduct" within meaning of Workmen's Compensation Act, notes, Ann. Cas. 1916A, 790; L. R. A. 1916A, 75, 243, 355; L. R. A. 1917D, 133.

in the Industrial Accident Commission, which body had sole power to determine and assess any compensation to which a plaintiff might be found to be entitled. It appears from the record that plaintiff was paid $730 pursuant to the terms of the Compensation Act. After collecting this amount he brought this present action. The demurrers of the different defendants were sustained without leave to amend. Plaintiff appeals from the judgment, and in support of his appeal contends in substance that article XXI of section 21 of the constitution as amended in 1918 does not by its terms justify the provisions of section 6(b) of the Workmen's Compensation Act in so far as said section 6(b) seeks to deny the right of trial by jury in a court of law granted to one by the constitution. It is argued that article XXI, section 21, merely vests the legislature with plenary, unlimited power to create a complete system of workmen's compensation for injury, disability, or death incurred or sustained by workmen in the course of employment "irrespective of the fault of the party"; that giving to the word "fault" the meaning attributed to it by the decisions, it is merely synonymous with "negligence," and that this being so a workman is, by the constitution, impliedly left his common-law right to trial by jury in that different class of cases where injury results from a willful disregard of duty by the employer. This question has been put to rest in this state by the supreme court through numerous decisions.

The Workmen's Compensation Act as originally enacted provided for an election of remedies by an injured employee where such injuries were caused through the gross or willful misconduct of the employer. (Sec. 12(b), c. 176, Laws 1913.) [1] In 1917 the act was amended and this election was eliminated and in lieu thereof it was provided that when an employee was injured through "the serious and willful misconduct of the employer," etc., that the amount of compensation should be increased one-half. (Sec. 6(b), Laws 1917, p. 834.) The remedy here provided for has been held to be exclusive of all other statutory or common-law remedies, and the constitutionality of the provision has been upheld in numerous cases. (*E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180 [16 A. L. R. 611, 193 Pac. 105]. See, also, *Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407 [Ann. Cas. 1917E, 390, 156 Pac. 491]; *San Francisco Steve-*

*doring Co.* v. *Pillsbury,* 170 Cal. 321 [149 Pac. 586]; *Dominguez* v. *Pendola,* 46 Cal. App. 220 [188 Pac. 1025]; *Helme* v. *Great Western Milling Co.,* 43 Cal. App. 416 [185 Pac. 510].)  As pointed out in these cases the constitution authorizes a complete system of workmen's compensation, and the language employed is comprehensive enough and was intended to include all injuries, irrespective of the manner in which they might occur.  The contention of appellant, therefore, that the language employed in the constitution is a limitation on the power of the legislature is without merit.

For the reasons given the judgment is affirmed.

Knight, J., *pro tem.*, and Kerrigan, J., concurred.