[Civ. No. 1636. Fourth Appellate District.—April 9, 1936.]

LOS FLORES SCHOOL DISTRICT (a Body Politic), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ALFRED GREEN, Respondents.

Stanley Mussell, District Attorney (San Bernardino), for Petitioner.

Everett A. Corten, Emmet J. Seawell and H. E. Thompson for Respondents.

MARKS, J.—This is an original proceeding instituted to review an order of the Industrial Accident Commission awarding Alfred Green compensation for an injury received while painting a water tank on the school grounds of petitioner.

Two grounds for the annulment of the award are urged: (1) that Green was not an employee of petitioner, but an independent contractor, and (2) that the work performed by Green was casual employment and not in the prosecution of the trade or business of petitioner.

The evidence before us discloses that in June, 1935, Green, a painter by trade, was employed as an SERA worker; that he was known to the members of the board of trustees of petitioner as a competent craftsman; that the board of trustees desired to have a water tank painted, and also to have some patch painting done on some of the buildings on the school grounds; that Arthur W. Russell was a member of the school board; that a few days before June 25, 1935, Russell saw Green and discussed with him the doing of this work; that Green was familiar with the work to be done and estimated the time necessary to complete it at three or four days and wanted five dollars per day; that this was satisfactory to Russell and he had Green sign the following receipt: ''Summit, California, June 25, 1935, To 4 days labor painting on Los Flores School @ $5.00 per day 4 days @ $5.00 . . . $20.00. Received payment Alfred Green''; that on June 27 an ''order requisition'' was made out in favor of Green for ''4 days painting at 5 dollars per day $20.00'' drawn on the county treasurer of San Bernardino County and sent to the school superintendent of that county for approval prior to payment; that it was returned for correction because of errors in form; that had it been approved by the superintendent a voucher in favor of Green would have been drawn and delivered to him. The district furnished the paint for the work. On July 15, 1935, while engaged in the performance of the contract Green fell from a ladder and was seriously injured and proceedings were instituted by him before the Industrial Accident Commission which resulted in the award of compensation which is under attack here. It is probable that Green worked at his painting on June 23d and 30th, and on July 7th and 14th, and also July 15, 1935.

He was injured on July 15th, the day on which he expected to finish the work.

Section 19 of the Workmen's Compensation Act places upon the employer the burden of proving that a laborer is an independent contractor and not an employee. (See *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570] ; *Murray* v. *Industrial Acc. Com.*, 216 Cal. 340 [14 Pac. (2d) 301].)

It is held that the question of whether the relation of employer and employee exists is a mixed question of law and fact and that a finding on that question by the commission will not be disturbed unless there is an entire absence of evidence to support it. (*Hillen* v. *Industrial Acc. Com.*, *supra.*)

Several important rules are well recognized for determining whether a laborer is an employee or an independent contractor. Where there is an employment the employer has the right to direct and give orders to the employee concerning the means and methods of work. It is the existence of this right and not its use or lack of use that is important. (*Murray* v. *Industrial Acc. Com.*, *supra.*) An employer has the right to terminate the employment before the work is completed, which, in the case of an independent contractor, would amount to a breach of contract if done without just cause. An employee may quit, but an independent contractor is legally obligated to complete his contract. (*Helmuth* v. *Industrial Acc. Com.*, 59 Cal. App. 160 [210 Pac. 428].) Because a workman is paid by the day or for piece work is not determinative of his status as an employee or an independent contractor. (*Helmuth* v. *Industrial Acc. Com.*, *supra; Lillibridge* v. *Industrial Acc. Com.*, 4 Cal. App. (2d) 237 [40 Pac. (2d) 856].)

An independent contractor is one who renders service for another for a specified recompense to attain a specified result and who is under the control of his principal only as to the result of the work and not as to the means or methods by which that result is to be accomplished. "The determinative factor is usually found in the solution of the question: Who has the power of control, not as to the result of the work only, but as to the means and method by which such result is accomplished?" (*Fidelity & Casualty Co.* v.

*Industrial Acc. Com.*, 191 Cal. 404 [216 Pac. 578, 580, 43 A. L. R. 1304].)

 It is evident from the testimony of Green that he considered himself employed to do the entire work for $5 per day for the days he was engaged in painting. He first denied that it had been agreed between himself and Russell that he would do the entire job for $20. On being shown the receipt of June 25, 1935, which he had signed, he admitted such an agreement, but again denied it during his redirect examination. He admitted that he had no regular hours of work and that he could work evenings and Sundays if he chose; that no one had given him any supervision or directions when he was working and that he was left to employ his own methods. It seems probable, from notations on the signed receipt, that Green worked on Sundays, June 23d and 30th, and July 7th and 14th, and on Monday, July 15, 1935.

Russell testified that Green had agreed to do the painting for $20; that the receipt for $20 was in full payment; that the officers of petitioner did not give Green any directions or exercise any supervision over him or his methods of work; that he made the contract with Green and that his only interest was to see that the job was done for $20 and that there was no agreement "as to how or when or in what way it was to be done". This quoted evidence was not denied by Green. The only denial by Green of any of this testimony was to the effect that his payment was not to be limited to $20, but that he was to be paid $5 for each day he worked. As we have seen, payment of a daily wage is not determinative of the question of whether he was an employee or an independent contractor.

We are of the opinion that the foregoing evidence raises a strong inference, not overcome by any evidence, that Green was an independent contractor and not an employee. The right to discharge is an important element in determining the question of employment. Even Green's testimony leaves the strong impression that he believed he was employed to complete the painting. If petitioner had the right to discharge Green it is strange that its officers were willing to pay him the total estimated cost of the work before it was performed. It was only due to an inadvertence not contemplated by the parties that Green did not receive the $20 be-

fore July 1, 1935. If he had received it, would he have been in a position to maintain that he could quit before he had earned it and thus put petitioner to the expense of suing him for the unearned portion? This willingness on the part of petitioner to pay all the estimated cost of the work, and Green's willingness to receive payment, raises a strong inference that both parties understood the contract as providing that Green was employed to complete all of the proposed work and was not subject to discharge before it was completed. The fact that no officer or agent of petitioner exercised any control over Green or gave him any directions concerning the methods to be used should be held to corroborate the testimony of Russell that the contract with Green did not contemplate any right of control over his methods and that the district was only interested in the results attained.

We have reached the conclusion that petitioner sufficiently met the burden of proving that Green was an independent contractor and not an employee and in the absence of any evidence in the record contradicting in any degree that of petitioner the award must be annulled. It is true that Green was not interrogated on the right of petitioner to control or direct his methods of work nor on the right of discharge before the work was completed, but that is not the fault of petitioner.

The award of the Industrial Accident Commission under attack here is annulled and the cause is remanded for further proceedings.

Barnard, P. J., and Jennings, J., concurred.