THE COURT.
 

 Plaintiffs Fred V. Brown and B. E. Stewart are doing business under the firm name of Brown Motor Company as dealers in automobiles. The record shows that through one of their employees they allowed the defendant Robert Roland, described in the body of complaint as a minor, to drive a Mercury sedan automobile, constituting part of their stock, for the purpose of demonstrating it to his parents, the defendants Grace Roland and D. E. Roland, who, as he gave plaintiffs to understand, might be interested in buying it. Although young Roland is thus described as a minor, he is not designated as such in the caption of the complaint nor does he appear herein by a guardian
 
 ad litem.
 
 His minority, however, seems to us sufficiently admitted on the pleadings.
 

 With the permission of the plaintiff’s salesman young Roland took his mother for a drive, thereafter returning the car to the plaintiffs. Subsequently he represented to the plaintiff’s salesman that on the following Sunday his father was to make a trip to Loma Linda and would be interested in trying out the car on that trip. On the Saturday afternoon before the contemplated Sunday trip he, with the permission of the plaintiffs’ salesman, took the car out once more, and while driving it with some guests of his own and without the presence of his parents, wrecked it. The father testified that when the son had spoken to him about using the car on Sunday that he had told him to “forget it”, as he was'not able to buy a car. It appears that the minor held an operator’s license, issued to him by the State of California upon his parents’ verified application. The plaintiffs now sue both the
 
 *Supp. 827
 
 minor and his parents to recover damages for the injury to the automobile. Judgment was given in plaintiffs’ favor for $411.77, made up of an aggregate of $311.70 expended for repairs on the car and $100 depreciation caused by the accident. The defendants appeal.
 

 There is no merit in the contention that a failure to appoint a guardian
 
 ad litem
 
 invalidates the judgment.
 
 (Pascoe
 
 v.
 
 Payne,
 
 124 Cal. App. 528 [12 Pac. (2d) 1091].)
 

 With respect to the ownership of the car, we think the general rule should be applied that in an action by the bailor against the bailee the latter will not be allowed to set up title in another. (8 C. J. S., pp. 253, 254, see. 21, and cases there cited; 4 Cal. Jur., p. 13:
 
 Hayden
 
 v.
 
 Davis,
 
 9 Cal. 573, 574;
 
 Davis
 
 v.
 
 Donohoe-Kelly Banking Co.,
 
 152 Cal. 282, 285 [92 Pac. 639].) These authorities recognize various exceptions to the rule, but we see nothing in the facts of this case to bring it within any of such exceptions. Whether the plaintiffs, as dealers, owned the car which they lent, or carried it on consignment, seems to us immaterial. At all events they had such a special property in it as gave them control of it, and they were presumably responsible to anyone holding paramount title for any damages that were sustained by it.
 

 We see nothing in the claim that the plaintiffs have waived the right to damages as against the defendants in consequence of the specific provisions of Vehicle Code 402 (a). The obvious meaning of that section is that the liability imposed on one who lends a car is for damage to the person or property of others. To say that he becomes liable for damages to himself would be absurd. It would be equally absurd to say that because he might be liable for damage done to others by the borrower of the car, therefore the borrower cannot be liable to him. As respects the liability of the minor, therefore, it does not seem to us that the evidence that he was the bailee of plaintiffs militates against their right to demand the use by him of ordinary care for the protection and preservation of the car.
 
 “A
 
 compensated bailee under a bailment for the benefit of both parties is bound to exercise ordinary care in the preservation of the property bailed and is liable for ordinary negligence. ” (4 Cal. Jur. 22.) One permitted to use an automobile for his own purposes, even though with the idea that it may promote a purchase, would appear to fall within the definition of a “compensated bailee’.’. We see
 
 *Supp. 828
 
 no reason, therefore, why Robert Roland, the minor, is not liable for such damages as the trial court found to be due to his negligence. The record sufficiently supports the finding by the trial court that his negligent operation of the automobile was the proximate cause of the injury to it.
 

 As to the liability of the parents, the central question presented for consideration seems to us to be: “Does the owner of an automobile who delivers it to a minor for demonstration to the minor's parents have a right of recovery against the parents for the minor's negligent damage to the automobile, when the minor’s parents have signed the application for the minor’s license as required by the Vehicle Code?” Section 352 of the Vehicle Code provides in part:
 

 “ (a) Any liability of a minor arising out of his driving a motor vehicle upon a highway is hereby imposed upon the persons or person who signed and verified the application of such minor for a license for all purposes of civil damages, and said persons or person shall be jointly and severally liable with such minor for any damages proximately resulting from such negligence or wilful misconduct. ’ ’
 

 We see nothing in the facts of this case to take it out of this statutory rule of liability above quoted. The liability does not seem to us to depend on either consent or knowledge of the parents with respect to the possession or operation of the car by the minor on a particular occasion.
 

 As far as the measure of damages is concerned, we understand the correct rule to be, where an automobile is susceptible of repair, that the damages include the reasonable cost of repair, plus the actual depreciation due to the injury. In this instance there is no dispute about the cost of the repairs, and we think that the court was entitled to consider the evidence of the decrease in sale price below the list price for that class of car at the time of the injury, and that such comparison forms a proper measure of the depreciation damage in the absence of other evidence on the subject.
 

 For the foregoing reasons the judgment is affirmed.