[L. A. No. 18805. In Bank. May 1, 1944.]

ORA BAUGH, Respondent, v. FRANCIS L. ROGERS et al.,
Appellants.

Nourse & Jones, Paul Nourse and Everett W. Thompson for Appellants.

Russell H. Pray, Robert E. Krause and Samuel J. Nordorf for Respondent.

SCHAUER, J.—This case presents four fundamental problems, two of which, so far as the research of counsel and ourselves discloses, have not heretofore been considered by a court of last resort either in this state or elsewhere. The

problems may be more conveniently defined after a statement of the essential facts.

### Essential Facts and Legal Relationship of the Parties

The plaintiff was employed in a dual capacity by the defendant Rogers, who was a physician and surgeon and who, in addition to living quarters, maintained certain rooms in his residence as an office for the practice of his profession. Plaintiff was engaged by the wife of defendant Rogers to work at the residence by the hour one day a week. She did cleaning and other household duties in such parts of the premises as Mrs. Rogers from time to time directed. While she was working in the living quarters she was "engaged in household domestic service" and was not an employee as that term is defined in sections 3352(g) and 3358.5 of the Labor Code, but when her services were devoted to the maintenance of the "business premises" she came within the statutory definition of "employee." (See Lab. Code, §§ 3351 and 3355.)

On July 22, 1941, at a time when plaintiff was cleaning the office quarters of her employer, she was directed by Mrs. Rogers to go "outside to push and jam the [office] window [which was open] in, while she [Mrs. Rogers] was holding and pulling on it on the inside." While plaintiff was occupied in performing this task she was struck and injured by an automobile negligently operated by her employer, the defendant Dr. Rogers. The automobile was owned by the defendant Warnock and was being driven with his consent. Dr. Rogers carried compensation insurance as required by section 3700 of the Labor Code.

At the trial, which was without a jury, the court found all essential basic facts in favor of the plaintiff and also found, in support of defendants' pleaded "second affirmative defense," that "at the time and place of the accident . . . plaintiff was in the employ of the defendant Francis L. Rogers and that the accident . . . occurred while the plaintiff was acting in the scope and course of her employment"; that plaintiff and defendant Rogers were subject to the compensation provisions of the Labor Code; that defendant Rogers carried compensation insurance; and (obviously a conclusion of law) that "this court has no jurisdiction of the cause of action . . . and the plaintiff has no capacity to sue." Judgment for the defendants was entered but plaintiff's motion for a new trial was granted as to both defendants on the

ground, among others, that the evidence was not sufficient to support the decision. This appeal is by the defendants from the order granting a new trial.

## Statement of Questions Involved

The following legal questions are presented: 1. Does the evidence establish as a matter of law that the employee-employer relationship existed between plaintiff and defendant Rogers and that they are subject to the provisions of the Workmen's Compensation Law (Lab. Code) in relation to plaintiff's injury? 2. If they are subject to such compensation law, is that fact a defense to this action insofar as defendant Rogers is concerned? 3. If recovery cannot be had in this action by plaintiff against defendant Rogers, the negligent operator, may she nevertheless recover from the owner of the automobile, defendant Warnock, by virtue of the provisions of section 402 of the Vehicle Code? 4. (a) If plaintiff recovers judgment herein against the owner Warnock, is such owner necessarily precluded from any recourse against the negligent operator by reason of the latter's relation to the plaintiff? (b) Is the negligent operator a necessary or proper party defendant in this action?

The last two questions (3 and 4), so far as we are advised, have not heretofore been passed on by any court of last resort. We have concluded that: 1. The evidence establishes as a matter of law that plaintiff and defendant Rogers, at the time of the accident, were in the relation of employee-employer and are subject to the compensation provisions of the Labor Code. 2. Such relation is a defense to this action insofar as defendant Rogers is concerned. 3. Plaintiff may, nevertheless, recover from the defendant owner. 4. (a) The negligent operator, even though he has an available defense herein as against plaintiff, may eventually be liable to the defendant owner under the law of bailments, and (b) such operator is a proper and, upon the facts of this case, a necessary, party defendant.

## Discussion of the Law

■■■ 1. *Upon the Evidence, as a Matter of Law, Plaintiff Was an Employee.* The conclusion we have reached relative to the first question of law above stated needs little discussion. Plaintiff contends that from the evidence the trial court might have found that she was an independent contractor,

and, hence, that the order must be affirmed. (See *Newman v. Overland Pac. Ry. Co.* (1901), 132 Cal. 73, 74 [64 P. 110]; *Cox v. Tyrone Power Enterprises* (1942), 49 Cal.App.2d 383, 392 [121 P.2d 829].) ▇ But "If from all the facts only a single inference and one conclusion may be drawn, whether one be an employee or an independent contractor is a question of law." (*Yucaipa Farmers etc. Assn. v. Industrial Acc. Com.* (1942), 55 Cal.App.2d 234, 238 [130 P.2d 146]; see, also, *Burlingham v. Gray* (1943), 22 Cal.2d 87, 100 [137 P.2d 9].) Here the controlling facts are undisputed. ▇ From the plaintiff's own testimony, and without substantial conflict by inference or otherwise, it appears that plaintiff was at all times subject to the right of control by her employer as to the duration of her employment and as to what she did and how she did it. The employer did not maintain constant supervision over plaintiff but that fact is immaterial. On her part, the plaintiff could have quit working for Dr. Rogers at any time she saw fit so to do.

An independent contractor is one "who renders services for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." (Lab. Code, § 3353.) ▇ The distinction between the status of independent contractor and that of employee has often been considered by this court, and it is well established that a material and generally conclusive factor is the right of the employer to exercise complete and authoritative control of the manner in which the work is done. The existence of such right of control and not the extent of its exercise constitutes the relationship that of employer-employee. (*S. A. Gerrard Co. v. Industrial Acc. Com.* (1941), 17 Cal.2d 411, 413, 414 [110 P.2d 377]; *Burlingham v. Gray* (1943), *supra*, 22 Cal. 2d 87, 95, 99 [137 P.2d 9]; *Riskin v. Industrial Acc. Com.* (1943), 23 Cal.2d 248, 253 [144 P.2d 16].) "Perhaps no single circumstance is more conclusive to show the relationship of an employee than the right of the employer to end the service whenever he sees fit to do so." (*Press Pub. Co. v. Industrial Acc. Com.* (1922), 190 Cal. 114, 120 [210 P. 820]; *Hillen v. Industrial Acc. Com.* (1926), 199 Cal. 577, 582 [250 P. 570]; *Chapman v. Edwards* (1933), 133 Cal.App. 72, 77 [24 P.2d 211].) "An employee may quit, but an independent contractor is legally obligated to complete his con-

tract." (*Los Flores S. Dist.* v. *Industrial Acc. Com.* (1936), 13 Cal.App.2d 180, 183 [56 P.2d 581].)

Viewing the evidence here in any light admits of no reasonable conclusion save that plaintiff was an employee and that all the conditions of compensation prescribed in the Labor Code existed.

■ 2. *The fact that All the Conditions of Compensation Existed, Is a Defense Available to the Employer in this Action by his Employee.* Section 3600 of the Labor Code declares that "Liability for the compensation provided by this division [Div. 4] in lieu of any other liability whatsoever to any person except as provided in section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment . . . in those cases where" the conditions of compensation, as itemized, exist. Section 3601 provides that "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706, the exclusive remedy against the employer for the injury or death." Section 3706 creates the exception that "If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission [Industrial Accident Commission] and, in addition, may bring an action at law against such employer for damages, as if this division did not apply."

The above quoted language is plain. The conditions of compensation existed and the employer (Dr. Rogers) had secured the payment of compensation by proper insurance. Jurisdiction to hear the claim for compensation is exclusively in the Industrial Accident Commission. (Cal. Const., art. XX, § 21; Lab. Code, §§ 5300, 5301.) The trial court, therefore, had no authority to render judgment for the recovery by plaintiff (the employee) of damages from the defendant Rogers (the employer). This, however, as will later appear, does not mean that defendant Rogers is not a proper or necessary party defendant.

■ 3. *The Fact that the Negligent Operator of the Automobile Is Liable to Plaintiff for Workmen's Compensation Only, Does Not Preclude Recovery by Plaintiff from the Owner for the Negligence Imputed by Section 402 of the Ve-*

*hicle Code.* By subdivision (a) of section 402 of the Vehicle Code it is provided that "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages." Subdivision (b) of the same section limits the liability of the owner "to the amount of five thousand dollars . . . for the death of or injury to one person in any one accident." Subdivision (c) requires that "the operator of said vehicle whose negligence is imputed to the owner shall be made a party defendant if personal service of process can be had upon said operator within this State. Upon recovery of judgment, recourse shall first be had against the property of said operator so served." Subdivision (d) declares that "In the event a recovery is had under the provisions of this section against an owner on account of imputed negligence, such owner is subrogated to all the rights of the person injured or whose property has been injured and may recover from such operator the total amount of any judgment and costs recovered against such owner." From what has already been said it appears that recourse cannot "first [or at all] be had against the property of said operator" because he has a special defense to this action; also it appears that the provision that "such owner is subrogated to all the rights of the person injured" is meaningless here because plaintiff has no right of action in the premises to which the owner may be subrogated.

▪ Defendants argue, in effect, that subdivisions (c) and (d) create *conditions* upon subdivision (a) and, hence, that the liability otherwise imposed by subdivision (a) does not attach unless all of the rights given the owner by subdivisions (c) and (d) are available. But this contention cannot be sustained. It has long since been determined that the purpose of the Legislature in enacting section 402 of the Vehicle Code, and its predecessor, section 1714¼ of the Civil Code, was to change the common law rule of bailments (for common law rule see 8 C.J.S. 318, § 40) and to impose upon the bailor-owner a liability for the imputed negligence of the operator, to whom he has entrusted the possession and control of his

vehicle, which, as between the owner and the injured person, is direct and unconditional within the limits set.

The case of *Broome* v. *Kern Valley Packing Co.* (1935), 6 Cal.App.2d 256 [44 P.2d 430], involved a cause of action arising under section 1714¼ of the Civil Code. The provisions now found in subdivisions (c) and (d) of section 402 were then in the form of provisos, which might thus more readily than the present subsections have been interpreted to limit the availability of the cause of action against the owner to a situation where the owner could protect himself against loss by the means given him in the provisos. The statute, however, was not so interpreted.

Speaking through Mr. Presiding Justice Barnard, the court said (at p. 261 of 6 Cal.App.2d): "It would seem that the main purpose of this section is to make such an owner directly responsible to a person injured through the negligence of an operator driving the car with the owner's permission, although the section also contains provisions calculated to protect the owner from the results of the operator's negligence in so far as this may be done between those parties without interfering with the rights of the injured party. . . .

"[P. 262] While this section is not as clear as could be desired, we think it imposes a primary and direct liability upon such an owner, with secondary provisions to enable him to protect himself as against the operator of the car." Not only was a petition for hearing of the above quoted from case denied by this court but the reasoning and quoted language were expressly approved in *Holland* v. *Kodimer* (1938), 11 Cal.2d 40, 43 [77 P.2d 843], wherein it was said that "In our opinion, the decision in *Broome* v. *Kern Valley Packing Co.* . . . accurately analyzes and applies section 1714¼ . . ."

It is settled that the liability of the owner is not affected by the fact that he cannot avail himself of the provision of subdivision (c) of section 402 that "recourse shall first be had against the property of said operator," either because, although the operator was served and appeared, there was no final adjudication of his liability (*Holland* v. *Kodimer, supra; Broome* v. *Kern Valley Packing Co.* (1935), *supra,* 6 Cal. App.2d 256 [44 P.2d 430]; see, also, *Sanderson* v. *Niemann* (1941), 17 Cal.2d 563, 572 [110 P.2d 1025]) or because the operator had disappeared (*Sutton* v. *Tanger* (1931), 115 Cal.

App. 267, 270 [1 P.2d 521]) or died (*Sayles* v. *Peters* (1936), 11 Cal.App.2d 401, 403-404 [54 P.2d 94]; *Lee* v. *Deasy* (1937), 19 Cal.App.2d 667 [66 P.2d 175]; *National Automobile Insurance Co.* v. *Cunningham* (1940), 41 Cal.App.2d 828, 831 [107 P.2d 643]).

In the last cited case, the court said (at p. 831 of 41 Cal. App.2d): "While the cause of action against the driver of the car abates on his death, such death does not bar the cause of action against the owner whose liability is primary . . ." As the liability of the owner to the ihjured plaintiff remains even though the plaintiff's cause of action against the negligent operator "dies with the death of the wrong-doer," so it remains even though the plaintiff is deprived of his cause of action for civil damages against the negligent operator because the accident occurred under the conditions of workmen's compensation.

In further support of their contention that negligence can be imputed under section 402 only where such negligence is actionable against the operator and the owner can avail himself of the protection of subdivisions (c) and (d) of that section, defendants contend that "Since the imputed negligence statute created a new right of action, giving a remedy against a party who would not otherwise be liable, it must be strictly construed." (*Weber* v. *Pinyan* (1937), 9 Cal.2d 226, 229 [70 P.2d 183, 112 A.L.R. 407, 409].) In addition to the Weber case, defendants cite *Swing* v. *Lingo* (1933), 129 Cal.App. 518, 526 [19 P.2d 56], and *Cook* v. *Superior Court* (1936), 12 Cal.App.2d 608, 610-611 [55 P.2d 1227]. From a consideration of these cases and of others construing the statute, it appears that in sustaining the action against the automobile owner in the present situation we do no violence to the so-called rule of strict construction. We are not called upon here to determine whether that rule can properly be applied to any liability created by our codes. In each of the cases cited by defendants there was an unsuccessful attempt to stretch the statute to cover a situation readily found, by reference to the language of the statute itself (or, in the Weber case, by reference to the language of the Legislature in a statute covering a kindred subject), to be beyond its purport. The instant case, however, appears to be within the contemplation of the statute as construed in *Broome* v. *Kern Valley Packing Co.* (1935), *supra*, 6 Cal.App.2d 256, and *Holland* v. *Kodimer* (1938), *supra*, 11 Cal.2d 40.

Certainly the asserted rule of strict construction does not authorize us to thwart, by narrow and strained interpretation, the palpable intent of the Legislature to impose a new liability consonant with new conditions; we are not required to deny recovery in a case which, both by the wording of the statute and in accordance with the purpose of its enactment as declared in the opinions interpreting it, is within its tenor. We cannot, in any preoccupation with the common law rule of strict construction, overlook the rule of construction imposed by section 4 of the Civil Code that the provisions of the code ''are to be liberally construed with a view to effect its objects and to promote justice.'' If there were any question as to the applicability of a similar rule of construction to a provision of the Vehicle Code it would be set at rest insofar as section 402 is concerned, since that section had its origin in the Civil Code, and section 2 of the Vehicle Code provides that ''The provisions of this code, insofar as they are substantially the same as existing provisions relating to the same subject. matter, shall be construed as restatements and continuations thereof and not as new enactments.'' Thus the rule of construction applied in the Broome case, *supra,* to effect the objects of section 1714¼ of the Civil Code followed the section, as it were, when in slightly different form it became section 402 of the Vehicle Code.

Defendants further argue in support of their contention that only when negligence of the operator is actionable against him is it imputable to the owner under section 402, that the liability created by that section is analogous to that of a master for the acts of his servant under the doctrine of *respondeat superior* and ''just as the liability of the master is dependent upon the liability of the servant so is the liability of the owner dependent upon the liability of his bailee.'' However, from the limited analogy pointed out by the courts of this state (*Sutton* v. *Tanger* (1931), *supra,* 115 Cal.App. 267, 269; *Swing* v. *Lingo* (1933), *supra,* 129 Cal.App. 518, 522, 526), it does not follow that inappropriate incidents of the doctrine of *respondeat superior* can be attributed to the statutory relationship. The analogy has never been considered controlling in the construction of the imputed negligence statute.

Whether the liability of a master under the doctrine of *respondeat superior* depends, as stated by defendants, ''upon

the liability of the servant'' or only upon the servant's culpability, is a question on which there is a lack of harmony among the jurisdictions which have considered the point. In California one aspect of the question was presented in the case of *Myers* v. *Tranquility Irrigation District* (1938), 26 Cal.App.2d 385 [79 P.2d 419], cited by defendants. That case held that an unemancipated minor could not recover damages against the employer of his father for injuries caused by the negligence of the father acting within the scope of his authority and in the course of business. The court reasoned that the child could not recover from the father in a tort action (p. 388), that the employer would be able to recoup from the father the amount of damages recovered by the child (p. 389), and that ''What the child cannot do directly he should not be permitted to accomplish by indirection'' (p. 390). The conclusion there reached by the court was predicated on the philosophy that ''The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interest of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent'' (quoted in *Myers* v. *Tranquility Irrigation District* (1938), *supra*, from 20 R.C.L. 361), and that ''Any proceeding tending to bring discord into the family and disorganize its government may well be regarded as contrary to the common law, and not to be sanctioned by the courts'' (quoted in the Myers case from *Matarese* v. *Matarese* (1925), 47 R.I. 131, 133, 131 A. 198, 199, 42 A.L.R. 1360, 1361). No such basis exists here for limiting the liability imposed by section 402 of the Vehicle Code. Indeed, that philosphy has no application to section 402. If we were to apply it and were to follow the reasoning of defendants, we should have to hold that such section was inoperative when a child by consent drives his parent's automobile (or when a parent by consent drives that of his child) because to give effect to the section would set up a basis for conflicting claims between parent and child. It is, of course, common knowledge that the section finds frequent application in parent and child cases. A recent case where it was so applied is *Souza* v. *Corti* (1943), 22 Cal.2d 454 [139 P.2d 645, 147 A.L.R. 861].

In contending that defendant Rogers' negligence is

nonactionable it is apparent that defendants use the term "nonactionable" only in the limited sense that recovery for such negligence from the defendant Rogers by court action is barred by the Labor Code, in that by its provisions the employer's sole liability for the employee's injury is workmen's compensation and the exclusive remedy therefor is an application to the Industrial Accident Commission. Obviously the character of the act itself is not *damnum absque injuria* or otherwise inherently nonactionable. Actually, while the fact of negligence as a proximate cause of the injury is made immaterial, a remedy for the *injury* is provided which may be enforced in the forum created. ▮ The special defense of the negligent operator, based on the business relationship and status of the operator and the plaintiff, and the provisions of the Workmen's Compensation Law, is not available to the owner. It is the négligence of the operator, and not his liability or status, which is imputed to the owner. The negligence being imputed, the liability therefor is his own.

In *Schwartz* v. *Forty-Second St. M. & St. N. A. Ry. Co.* (1940), 175 Misc. 49 [22 N.Y.S.2d 752], a similar problem was presented as to application of section 59 of the New York Vehicle and Traffic Law, which provides in part that "Every owner of a motor vehicle . . . operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle . . . , in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." (Laws N.Y. 1929, vol. 1, ch. 54, p. 82.) The trial court there proceeded on the theory that, because by virtue of the New York Workmen's Compensation Law the employee cannot maintain an action against his co-employee (the negligent operator), "it logically follows that he cannot maintain one against another person [the owner of the vehicle] whose sole liability derives from the negligence of a co-employee." (P. 754 of 22 N.Y.S.2d.) This is the only case dealing directly with the question which has come to our attention. It does not appear to have been presented to a higher court. As indicated above, such an approach in the present case would ignore the meaning and purpose of our imputed negligence statute.

Hence, and for the other reasons given, we are impelled to a contrary conclusion.

It is to be observed also that the Labor Code does not purport to alter the correlative rights and liabilities of persons who do not occupy the reciprocal statuses of employer and employee. Our workmen's compensation laws were not designed to relieve one other than the employer from any liability imposed by statute or by common law. "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer." (Lab. Code, § 3852; see, also, *Stackpole* v. *Pacific Gas & Elec. Co.* (1919), 181 Cal. 700, 703 [186 P. 354]; *Van Zandt* v. *Sweet* (1922), 56 Cal.App. 164, 165 [204 P. 860]; *Driscoll* v. *California St. Cable R. Co.* (1926), 80 Cal.App. 208, 214 [250 P. 1062].) The employee's right to recover against a third person is not affected by the fact that the "person other than the employer" is not a stranger but has entered into a consensual legal relationship with the employer. (*Wallace* v. *Pacific Electric Ry. Co.* (1930), 105 Cal.App. 664, 668 [288 P. 834]; *Merino* v. *Pacific Coast Borax Co.* (1932), 124 Cal.App. 336, 338, 341 [12 P.2d 458].) In each of the above cited cases the liability of the third person was based upon his own common law negligence, whereas the liability here sought to be imposed upon the owner Warnock is statutory, based upon the imputation to him of the operator's negligence. However, we find nothing in the present case which must impliedly exclude plaintiff's right of action against Warnock from the operation of the quoted section (Lab. Code, § 3852), and we are satisfied that the action may proceed to judgment as against him.

4. (a) *The Provisions of the Labor Code Governing the Reciprocal Rights and Liabilities between the Plaintiff and the Defendant Operator as Employee and Employer Do Not Abrogate the Independent and Correlative Rights and Obligations between the Owner and the Operator as Bailor and Bailee.* When the owner of an automobile gives possession of it, with permission to operate it, to another person, a contract of bailment is created. At common law a bailor is not liable to third persons for damages resulting from the bailee's negligent use of the bailed property (6 Am.Jur. 396, § 313) and hence we find no decisions as to the right of the bailor to recover from the bailee the

amount of any judgment to which the bailor may have been subjected by reason of the bailee's negligent use of the bailed property. ■ However, it is elementary in the law of bailments that a bailee is responsible in damages to the bailor for any injury to the bailed property resulting from a failure of the bailee to exercise a proper degree of care in protecting it. (See *Milgate* v. *Wraith* (1942), 19 Cal.2d 297, 303 [121 P.2d 10]; *Brown* v. *Roland* (1940), 40 Cal.App.2d Supp. 825 [104 P.2d 138].) "Where the bailment is for the sole benefit of the bailee, he is bound to exercise great care or extraordinary diligence" (8 C.J.S. 280, § 29; see, also, Civ. Code, § 1886); and "Where, through negligence of the bailee, bailed property in his hands is injured . . . the bailor is entitled to recover such a sum as will reasonably compensate him for the injury sustained . . ." (6 Am.Jur. 379, § 294; see, also, Civ. Code, § 1889.) ■ If Dr. Rogers, in negligently backing Warnock's car into the plaintiff, had injured the *vehicle* we have no doubt but that under the above stated principles of the law of bailments he would be liable to Warnock for the damage to the bailed property. *The fact that it was with an employee of the bailee that the damage-causing collision occurred would be wholly immaterial.* This principle, we are satisfied, is equally applicable to the case before us insofar as concerns the independent and correlative rights and obligations of the owner and of the operator as between them.

■ As hereinabove suggested, section 402(a) of the Vehicle Code has operated to modify the law of bailments in this state, insofar as the bailment of motor vehicles is concerned, in that it places upon the bailor responsibility for the bailee's negligence in operation of the bailed property. ■ In the nature of reciprocity for the liability thus created in subdivision (a), subdivision (d) provides, among other things, that "In the event a recovery is had under the provisions of this section against an owner on account of imputed negligence, such owner . . . may recover from such operator the total amount of any judgment and costs recovered against such owner." The right of the owner to recover from the negligent operator, thus created by subdivision (d), becomes an element of every contract of bailment of a motor vehicle in this state (see *Brown* v. *Ferdon* (1936), 5 Cal.2d 226, 230 [54 P.2d 712]; *Hales* v. *Snowden* (1937),

19 Cal.App.2d 366, 369 [65 P.2d 847]; *Mueller* v. *Elba Oil Co.* (1942), 21 Cal.2d 188, 204 [130 P.2d 961]; *Fernelius* v. *Pierce* (1943), 22 Cal.2d 226, 243 [138 P.2d 12]) and is now just as effectively a part of the law of bailments (of motor vehicles) in California as is the obligation of the bailee to respond in damages for injury to the bailed property occasioned by his negligence. ▇▇▇ There is nothing in the Labor Code which abrogates this obligation imposed on the bailee by the law of bailments. If the owner of a motor vehicle, without fault on his part, suffers a judgment based on the imputed negligence of his bailee, he becomes entitled to recover the amount of that judgment and costs from the negligent bailee. What may have been the relationship between the plaintiff in the original action and the bailee is immaterial in an action between the bailor and the bailee, based exclusively upon their independent, correlative rights and obligations.

▇▇▇ It has been suggested that this holding may tend to impose double liability upon the negligent operator; i. e., liability to his employee for workmen's compensation and to the owner for the amount of the judgment against him arising out of the same injury. But the contention is not sound. The owner will be entitled to have credited on the judgment against him any amount paid by the operator (or his insurance carrier) by way of compensation for the injury, and the amount to be recovered by the bailor-owner from the bailee-operator necessarily will be reduced *pro tanto*.

▇▇▇ 4. (b) *The Negligent Operator is a Proper (and on the Facts Here a Necessary) Party Defendant Even though He Has a Complete Defense to this Action.* Subdivision (c) of section 402 of the Vehicle Code requires that "In any action against an owner on account of imputed negligence as imposed by this section the operator of said vehicle whose negligence is imputed to the owner shall be made a party defendant if personal service of process can be had upon said operator within this State" and there follows the further provision that "Upon recovery of judgment, recourse shall first be had against the property of said operator so served." In this case, although as previously mentioned recourse cannot "first [or at all] be had against the property of said operator" because no recovery can be had against him, he must nevertheless be named as a party defendant and served with process if such service can be had within this state. The

statute expressly so requires and the operator, even though he be the employer of plaintiff and subject to the conditions of compensation, is a person interested in the action against the owner because the amount of the judgment, if any, against the owner may well determine, in part at least, the amount of a potentially impending recovery by the owner-bailor against the bailee-operator.

It may be that upon the new trial defendant Rogers, upon his separate application, will be entitled to have this action dismissed as to him, but upon the record before us it appears that the order granting a new trial must be affirmed as to both defendants. Both defendants appear jointly, by a single answer, and the judgment entered was "that the plaintiff . . . take nothing by this action and that the action be dismissed and that the defendants Francis L. Rogers and A. W. Warnock have judgment against the plaintiff for their costs in the sum of $33.25." As this is a joint judgment and it does not appear that the defendant Rogers severally is necessarily entitled to exactly that judgment, we cannot hold that the order granting a new trial as to him is improper.

The order appealed from is affirmed as to both defendants.

Gibson, C. J., Shenk, J., and Carter, J., concurred.

TRAYNOR, J., Dissenting.—The majority opinion recognizes that the plaintiff cannot recover damages from her employer, since section 3601 of the Labor Code makes her right to recover workmen's compensation the exclusive remedy against her employer. In effect, however, it allows recovery of damages against the employer by holding that the owner of the vehicle can shift the damages for which he is liable under section 402 of the Vehicle Code to the employer because of the bailor-bailee relationship between him and the employer. The employer's liability for damages in such a case is thus determined by the chance circumstance that he did not own the car that he negligently operated. Had he owned it, he would not be liable for damages directly or indirectly. Because he does not own it, he is made liable for damages, indirectly but none the less actually. It is my opinion that recovery in the one case as in the other would violate the policy and provisions of the Workmen's Compensation Law.

The California Constitution (art. XX, § 21) provides that all matters essential to a complete system of workmen's com-

pensation are the public policy of the state, binding upon all departments of the state government. Pursuant to this provision, the Legislature has enacted a complete system of rights and obligations for the compensation of workmen for injuries incident to their employment. This system supersedes the statutory and common law that formerly governed the liability of employers for injuries to their employees, and covers "the entire field of injury to workmen in the course of their employment." (*Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407, 415 [156 P. 491, Ann.Cas. 1917E 390]; *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, 692 [151 P. 398]; *Alaska Packers' Association* v. *Industrial Acc. Com.,* 200 Cal. 579, 583 [253 P. 926].) When conditions specified in the compensation law arise, the remedy therein provided excludes all other statutory or common law remedies against the employer for all injuries to employees in the course of their employment regardless of the manner in which they occur. (*De Carli* v. *Associated Oil Co.,* 57 Cal.App. 310, 311 [207 P. 282]; *Liberty Mutual Ins. Co.* v. *Superior Court,* 62 Cal.App.2d 601 [145 P.2d 344]; *Freire* v. *Matson Navigation Co.,* 19 Cal.2d 8, 10 [118 P.2d 809].)

Section 3601 of the Labor Code expressly denies to the employee any remedy against the employer except the right to recover compensation pursuant to the provisions of the Workmen's Compensation Law: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706, the exclusive remedy against the employer for the injury or death."* Although directed against the owner of the car, the plaintiff's claim under section 402 of the Vehicle Code is in practical effect a claim for damages against her employer. Under the majority opinion, the employer, as the negligent operator of the car, and not the owner, bears the ultimate burden of the employee's claim, since the owner can shift that burden to the employer. Such indirect recovery of damages from the employer, who is responsible only for the payment of compensation as specified

---

*Section 3706 has no application, for appellant had secured the payment of compensation by procuring insurance in accordance with Section 3700.

in the Workmen's Compensation Law, is as contrary to the public policy and provisions of that law as a direct claim for damages against the employer.

Section 3600 of the Labor Code expressly provides that liability of the employer for the compensation provided by the Workmen's Compensation Law shall be, except as provided in section 3706 "in lieu of any other liability whatsoever to any person." Immunity from liability to "any person" clearly includes immunity from any liability to the owner of the car on account of the injury to the employee. This section precludes liability other than that imposed by the Workmen's Compensation Law to third persons for independent claims of such persons, as, for example, claims of such persons for wrongful death of the employee. (*Treat* v. *Los Angeles Gas & Elec. Corp.*, 82 Cal.App. 610, 616 [256 P. 447]; *McLain* v. *Llewellyn Iron Works*, 56 Cal.App. 60, 62 [204 P. 869]; *Gerini* v. *Pacific Employers' Ins. Co.*, 27 Cal. App.2d 52, 54 [80 P.2d 499].) It must therefore preclude liability for an employee's claim for damages that has been converted into a claim of the third person for reimbursement for the satisfaction of the employee's claim for damages.

The majority opinion relies on section 3852 of the Labor Code, which provides, "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer." It goes on to allow the owner to have credited on the judgment against him any amount paid by the employer or his insurance carrier. The allowance of such a credit, however, is contrary to the provisions in section 3852 and section 3856 that an employer who pays or becomes obligated to pay compensation is subrogated up to the amount of his obligation to the employee's claim against the third person. (*National Automobile Ins. Co.* v. *Cunningham*, 41 Cal.App.2d 828 [107 P.2d 643]; *Morris* v. *Standard Oil Co.*, 200 Cal. 210 [252 P. 605].) If the provision in section 3852 of the Labor Code relied upon in the majority opinion is applicable, the rest of that section must likewise be applicable, with paradoxical results. A negligent employer, who cannot be sued in a common law action for damages, is nevertheless held liable to the owner of the car for damages less the amount of workmen's compensation paid the employee, but the owner is in turn liable to his neg-

ligent bailee for the amount of workmen's compensation that the bailee was required to pay for the injury resulting from the negligent operation of the vehicle by the bailee. To hold that section 3852 is operative to permit the bailee-employer to recover against his bailor even though the only basis for the bailor's liability is the negligence of the bailee, would be a violation of the principle set forth in section 3517 of the Civil Code that no one can take advantage of his own wrong.

The conclusion is inevitable that the operator-employer is not liable for damages either directly or indirectly. The question remains whether the owner can be held liable for damages to the employee regardless of the nonliability of the employer. It is my opinion that since the employer's liability is completely covered by the Workmen's Compensation Law no liability on the part of the employer remains for which a third person can be liable.

The majority opinion relies on cases holding that the owner's liability under section 402 of the Vehicle Code is in form "a primary and direct liability," and concludes that the owner's liability is not affected by the fact that the employee has no right of action against his employer because of the latter's negligence in driving the car. These cases hold that lack of final adjudication of the liability of the operator of the car (*Holland* v. *Kodimer*, 11 Cal.2d 40, 43 [77 P.2d 843]; *Broome* v. *Kern Valley Packing Co.*, 6 Cal. App.2d 256 [44 P.2d 430]) or disappearance of the operator subsequent to the injury (*Sutton* v. *Tanger*, 115 Cal.App. 267 [1 P.2d 521]) or his death (*Sayles* v. *Peters*, 11 Cal.App. 2d 401 [54 P.2d 94]; *Lee* v. *Deasy*, 19 Cal.App.2d 667 [66 P.2d 175]; *National Automobile Ins. Co.* v. *Cunningham*, 41 Cal.App.2d 828 [107 P.2d 643]) does not affect the statutory liability of the owner. It does not follow, however, that because the liability of the operator of the automobile need not be determined by judgment before the plaintiff can recover against the owner, the latter can be held liable for imputed negligence of the operator despite specific provisions of the Labor Code barring any recovery of damages from the employer-operator. (Lab. Code, §§ 3600, 3601.) Again, the abatement of an action against the operator of the car because of his death differs materially from the prohibition of such an action by the Workmen's Compensation Law. The abatement of the right of action by death succeeds the creation of the claim, and the claim for personal injury is lost

because of its personal character. (*Clark* v. *Goodwin,* 170 Cal. 527, 531 [150 P. 357, L.R.A. 1916A 1142]; see 1 Cal. Jur. 71.) Abatement because of the death of the wrongdoer affects only the personal relationship, not the liabilities of co-obligors that existed before the death of the wrongdoer. The Workmen's Compensation Law denies recovery of damages against the employer, not because of the personal character of the claim for personal injury, but to insure the effective operation of its own system. An action for damages is not regarded as the appropriate remedy for the negligence of the employer. The Workmen's Compensation Law, therefore, does not abate a claim that has been created but prevents it from ever arising.

Curtis, J., and Edmonds, J., concurred.

Appellants' petition for a rehearing was denied May 29, 1944. Curtis, J., Edmonds, J., and Traynor, J., voted for a rehearing.