[Civ. No. 43878. Second Dist., Div. Two. Aug. 23, 1974.]

IDA JOHNSON, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
ERWIN H. SOKOL et al., Respondents.

COUNSEL

Wax & Appell and Harold W. Wax for Petitioner.

Charles Lawrence Swezey, Sheldon C. St. Clair, Grancell, Kegel & Tobin and Stuart J. Liebman for Respondents.

OPINION

BEACH, J.—The respondent board, reversing a referee's award, found that petitioner, a cleaning lady, was an independent contractor at the time she sustained injuries while cleaning a rental apartment and denied an award except for litigation expenses. She seeks review.

Petitioner did day work as a cleaning maid and charged $16 per day. She had worked as such in the home of the alleged employers, Mr. and Mrs. Sokol. Concerning the present matter, Mr. Sokol called her on the telephone and asked her to clean an apartment which was vacant. It was one of several which he managed. Two days later she saw him at his home and followed him to the apartment in her car. He showed her the apartment and told her to clean the cabinet, floors, dust the furniture, and remove paint on the floor of the closet. Cleaning equipment was provided. Mr. Sokol gave her a check and left her after giving her the instructions. Included in the equipment which Sokol provided was a ladder which broke as she descended it after cleaning the ceiling.

██ The facts are not disputed. Thus, the issue here of whether petitioner is an employee or not is one of law. *Isenberg* v. *California Emp. Stab. Com.,* 30 Cal.2d 34 [180 P.2d 11]; *Tieberg* v. *Unemployment Ins. App. Bd.,* 2 Cal.3d 943, 951 [88 Cal.Rptr. 175, 471 P.2d 975].) The appeals board concluded on the basis of this evidence that the alleged employer had no right to control petitioner's activities. It reasoned: "He paid her a specific sum in advance to perform a specific job. The instructions which he gave her were so general and his immediately leaving the premises so specific as to persuade us that defendant was interested only in the results not the details of appellant's work. Therefore, we conclude that in spite of the fact that defendant solicited appellant's labor, took her to the job site, and furnished the cleaning materials she was working for herself. . . ."

██ We believe that the board erred. We hold that petitioner was an employee within the meaning of the Labor Code.

██

The right of control has been generally considered one of the most decisive factors to consider. However, here there was only an informal working arrangement. The parties did not discuss or reach any agreement as to which one of them had the right to control the details of the work. In such an event, the cases and authorities have considered and suggested several other tests. These tests are not always of equal weight or value. We do not here recite or review all of them. They are reasonably well known and readily accessible to the student and practitioner. They are well reviewed in *Tieberg* v. *Unemployment Ins. App. Bd., supra,* 2 Cal.3d 943, at page 950. Using the tests suggested in *Tieberg* and in the leading case cited therein, *Empire Star Mines Co.* v. *Cal. Emp. Com.,* 28 Cal.2d 33, 43-44 [168 P.2d 686], it seems that where one who performs services for another, has a distinct occupation, which in the locality usually is carried on without supervision, agrees to perform a job for a specified amount for that particular job rather than by a time rate, has an independent business operation, furnishes specialized equipment and skill, and the work is not normally a part of the regular business of the principal, the findings should be that the workman is an independent contractor. The evidence in this case shows clearly that petitioner meets none of these tests.

■ Where there is proof that the injured person was, at the time of injury, actually performing service for the alleged employer, the burden of proof rests upon the employer to establish that the injured person was an independent contractor or otherwise excluded from protection under the Workmen's Compensation Act. (Lab. Code, § 3357 [presumption of employment]; Lab. Code, § 5705 [independent contractorship is an affirmative defense].) ■ Although here the evidence is not in dispute, it is so meager on the question of right to control that it is insufficient to meet the prospective employer's burden of proof and, therefore, it is insufficient to establish that as a matter of law, the respondent had no right of control. Hence, the presumption that she is an employee seems applicable.

There was no contention here that the applicant was "excluded" from coverage by statute. ■ While a "household domestic" worker is expressly excluded by statute unless she works for one employer in excess of 52 hours per week (Lab. Code, §§ 3352, 3358.5), or unless coverage has been elected pursuant to the provisions of Labor Code sections 4150-4154 (see *Jones* v. *Brown,* 13 Cal.App.3d 513 [89 Cal.Rptr. 651]), a cleaning lady who is injured while performing services in the maintenance of business premises is not excluded. (*Baugh* v. *Rogers,* 24 Cal.2d 200, 204-207 [148 P.2d 633, 152 A.L.R. 1043]; see Lab. Code, §§ 3351, 3352, 3355.) Few cases appear to involve the occupation, apparently because of the household worker's exclusion. *Baugh* v. *Rogers, supra,* is factually close.

In *Baugh,* the employee worked as a domestic in the household of a doctor. However, when she worked at the office portion of the house, she was held to be an employee and covered under the statute. The court held that the fact that the employer did not maintain constant supervision was immaterial. It is the right of control not the exercise thereof that is one of the tests.

Language of *Durae* v. *Industrial Acc. Com.,* 206 Cal.App.2d 691, 700 [23 Cal.Rptr. 902], is applicable here: "There is no doubt but that certain features of the informal working arrangement are indicative of an independent contractor relationship, but these factors merely created a conflict in opposing inferences to be drawn from the evidence. It is not our function to determine the credibility of the witness or the weight to be attached to their testimony; the commission is the final arbiter on questions of fact."

At bench, inasmuch as there are no real conflicts in the evidence, the problem is one of what is the proper legal inference or conclusion to be drawn from the evidence. In this respect, it would appear that rather than relying merely upon the specific and several tests listed in *Tieberg* and *Empire Star,* we should also consider (a) the purpose of the statute and the intention of the Legislature, (b) the persons sought to be protected, (c) if the petitioner is or is not of a class of persons generally intended to be protected, (d) whether there are any other specific statutory exclusions, and (e) what are the relative bargaining positions of the parties mentally, economically and educationally.

The Workmen's Compensation Law seems largely aimed at protecting the very class of people personified by petitioner. She is a cleaning woman. That is her sole means of livelihood. She is most in need of the protection of the Workmen's Compensation Law. She was not excluded. The statute omits household domestics. (Lab. Code, § 3352, subd. (f).) The household domestic, however, is defined as any person engaged in household domestic service except as provided in section 3358.5. It is apparent that the reasons of public policy that exempted the true household domestic did not, in the opinion of the Legislature, apply to persons doing cleaning in business premises and establishments such as apartments, rentals, offices, stores and the like.

An employee who is a cleaning woman is not likely to be able and sophisticated and as assertive as a business man who owns or manages apartments.

Other cases where the right of control has been found to exist so as to create an employee-employer relation have involved employees of much

more sophistication, independence and assertiveness in the performance of their work than is present in the case at bench or is usually found in the modest occupation of a cleaning lady. (For a few examples see *Tieberg* v. *Unemployment Ins. App. Bd., supra,* 2 Cal.3d 943, T.V. writers; *Isenberg* v. *California Emp. Stab. Com., supra,* 30 Cal.2d 34, horse jockeys; *Durea* v. *Industrial Acc. Com., supra,* 206 Cal.App.2d 691, a movie stuntman and trick rider performing at different events; *Drillon* v. *Industrial Accident Com.,* 17 Cal.2d 346 [110 P.2d 64], a jockey hired to ride one race; *Schaller* v. *Industrial Acc. Com.,* 11 Cal.2d 46 [77 P.2d 836], four trapeze performers in a traveling show.)

The order of the respondent Workmen's Compensation Appeals Board is annulled and the cause is remanded to said respondent board for further proceedings consistent with the views expressed in this opinion.

Fleming, Acting P. J., and Compton, J., concurred.