[Civ. No. 8866. First Appellate District, Division Two.—April 28, 1933.]

LAMBERT SKILLMAN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and MARTIN A. NEILSON, Respondents.

Tompkins & Tompkins for Petitioner.

A. I. Townsend for Respondents.

NOURSE, P. J.—Petitioner seeks an annulment of the award for compensation in favor of Martin Neilson, who was employed by petitioner in the wrecking of a wooden shed. Petitioner's main occupation was that of constructing water-tanks and in the course of this occupation he frequently wrecked and removed old water-tanks and other buildings. The petitioner testified that at the time of the injury the work of constructing water-tanks was slack and that he was having the old shed wrecked for the purpose of selling some of the lumber. The Commission found that this work was "in the course of the trade, business, profession or occupa-

tion of his employer'' within the terms of section 8a of the Workmen's Compensation Act.   (Stats. 1917, p. 835.)

■   The single question presented in this proceeding is whether this finding is supported by the evidence.   "Any person rendering service for another, other than as an independent contractor, or as expressly excluded herein, is presumed to be an employee within the meaning of this act."   (Sec. 8b.)   Hence the burden of proof is cast upon the petitioner to show that Neilson was either an independent contractor or was expressly excluded under the terms of the act.   (*Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570].)   It is conceded that he was not an independent contractor.   ■   Whether he was "excluded" (i. e., under sec. 8a) is a mixed question of law and fact to be proved like any other question.   (*Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.*, 180 Cal. 497, 499 [181 Pac. 788] ; *Murray* v. *Industrial Acc. Com.*, 216 Cal. 340 [14 Pac. (2d) 301].)

■   In support of his contention that he was not engaged in the business of wrecking buildings other than water-tanks, the petitioner points to his direct testimony to that effect.   On the other hand, the respondents point out that his testimony throughout was equivocal and unconvincing and it is argued that the Commission was not bound to accept petitioner's testimony as overcoming the presumption of employment found in the act.   It is only where there is such an entire absence of evidence in the record as to render the finding unreasonable, or in excess of the powers of the Commission, that the court may set aside the finding. (*Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587, 598 [200 Pac. 17].)   In view of the presumption of employment and the inferences which might be drawn from all the evidence we cannot say that petitioner sustained the burden of proof or that the finding is unreasonable.

The award is affirmed.

Sturtevant, J., and Spence, J., concurred.