ALFRED W. MANTONYA, Respondent, v. JOHN LOUIS
BRATLIE et al., Appellants.

Wallace P. Rouse and William F. Adams for Appellants.

Shaw & Roberts for Respondent.

SCHAUER, J.—Defendants appeal from a judgment entered pursuant to a jury verdict for plaintiff. The plaintiff's factual theory of this action for damages for personal injuries, as alleged in the complaint, is that "defendants employed plaintiff as a ranch and farm laborer . . . ; that among his duties plaintiff was required to and did operate . . . a certain tractor; that said tractor was in need of repairs and was in a dangerous and defective condition . . . That the dangerous and defective condition of said tractor . . . was well known to defendants, but defendants failed, refused and neglected to have the same repaired and put in a safe condition to be operated; that on the contrary defendants directed that plaintiff manage and operate the same in its dangerous and defective condition"; and that plaintiff, while operating the tractor, was injured as the result of such condition. The evidence adduced at the trial is in sharp conflict as to whether plaintiff's injuries were caused by negligence of defendants and as to whether plaintiff was guilty of contributory negligence. It is impossible to determine whether the jury's resolution of this conflict in plaintiff's favor is based upon inapplicable instructions, given at plaintiff's request, that "it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence," and that "It is not a defense to the employer that the employee was guilty of contributory negligence." We have concluded that, in the circumstances hereinafter more fully explained, the judgment must be reversed.

█ The Labor Code (divs. III and IV) gives certain advantages, not available to the plaintiff in an ordinary tort action based upon negligence, to an employe who, either because his employer has not provided security for the payment of workmen's compensation where such security is required by the Workmen's Compensation Act (Lab. Code, div. IV) can sue at law for damages for personal injury sustained in the course of his employment, or who is entitled to sue because his employment is not covered by the act. The advantages provided by division IV (Workmen's Compensation Act) to the employe whose employer is required to, but has failed to, secure the payment of workmen's compensation are greater than those to the employe whose employment is within the provisions of division III of the Labor Code but is not within the provisions of division IV. As to employes within the act, section 3706 of the Labor Code (div. IV) provides, "If any employer [who is liable for compensation under the terms of the act] fails to secure the payment of compensation, any injured employee . . . may bring an action at law against such employer for damages, as if this division [IV] did not apply." Furthermore, section 3708 (div. IV) provides, "In such action it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence. It is not a defense to the employer that the employee was guilty of contributory negligence . . ."

As above indicated, there are also certain advantages given to an employe who brings suit for personal injuries against an employer where the employment is not within the terms of the Workmen's Compensation Act and the employer, accordingly, is not required to secure the payment of workmen's compensation. The provisions of division III of the Labor Code, which create and define these advantages, are "fully operative and effective in all cases where the provisions of Division IV are not applicable." (Lab. Code, § 2700.) As previously suggested, the burden upon the employer whose liability is under division III is substantially less severe than that upon one who has wrongfully failed to secure payment of compensation. The applicable provisions of division III do not place upon the employer the burden of proving his freedom from negligence. Furthermore, the defense of contributory negligence is not abolished; rather, it is qualified and limited. Specifically, section 2801 (div. III) of the

Labor Code provides that ''the fact that such [negligently injured] employee has been guilty of contributory negligence shall not bar a recovery therein where his contributory negligence was slight and that of the employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee. It shall be conclusively presumed that such employee was not guilty of contributory negligence in any case where the violation of any law enacted for the safety of employees contributed to such employee's injury.''

■ At the time plaintiff was injured, defendant had not secured the payment of workmen's compensation. Plaintiff commenced this action upon the theory that the parties came within the provisions of the Workmen's Compensation Act (Lab. Code, div. IV). At the trial, however, it developed that defendants were not within the compensation provisions of the act. Section 3352 of the Labor Code (div. IV) provides that '' 'Employee' excludes . . . (b) Any person employed in farm . . . labor . . . where the compensation provisions of this division [IV] are rejected, or do not apply, in accordance with Chapter 9 of this part.'' Chapter 9 (div. IV, § 4250) provides, ''Any person engaged in farm . . . employments . . . and those employed by him who are not subject to the compensation provisions of this division are . . . conclusively presumed to have accepted the compensation provisions of this division . . . , unless either the person employing or the person employed, has given . . . notice of rejection of such compensation provisions. *This section shall not apply to any person, or to those employed by him, whose pay roll for the preceding calendar year has not exceeded five hundred dollars.*'' (Italics added.) According to undisputed evidence the total amount paid as wages to employes on defendants' ranch (which defendants had owned for less than one month during the calendar year preceding the date of plaintiff's injury) was $319.50. Therefore, defendants' liability, if any, is not under the Workmen's Compensation Act (div. IV) but under division III of the Labor Code. ■ However, the question whether defendants' liability, if any, was under division III or division IV of the Labor Code was improperly submitted to the jury as a question of fact, and the jury were instructed not only as to the pertinent provisions of division III but also, at plaintiff's request, as to many totally inapplicable provisions of division IV, including those of section 3708 above quoted. The task of a jury of laymen to compre-

hend and apply pertinent instructions is onerous enough at best; it should not be unnecessarily aggravated by loading on them a congeries of wholly inapplicable legal propositions. Such wholly inapplicable propositions should not be requested by counsel, in the first place, but if requested, it is the duty of the trial judge to scrupulously delete them from the charge finally given.[1]

 Plaintiff, over objection, was allowed to prove that defendants, during the calendar year preceding the date of plaintiff's injury, paid $759 to a firm of "contractors in the land leveling business" for the leveling of the field. Defendants showed, by uncontradicted testimony of a member of the firm and of defendant J. L. Bratlie, that the sum was paid to the firm for a specified result and that the result contracted for was accomplished by the firm's furnishing a tractor, drag

---

[1] The following excerpts from the instructions will indicate the confusion in which the jury must have found themselves:

At defendants' request the jury were told,

"You are instructed that if you find that the defendant used ordinary or reasonable care in having the tractor repaired and maintained, then you must render a verdict in favor of the defendants and against the plaintiff. You are further instructed that there is no liability on the part of the employer, the defendant in this case, if said defendant used ordinary or reasonable care in the repairing and maintenance of the tractor . . .

"You are instructed that if you find that the plaintiff failed to use ordinary care in his work and was guilty of contributory negligence that equaled any negligence on the part of the defendant, then you must render a verdict in favor of the defendant and against the plaintiff.

"If you find from the evidence that the plaintiff was guilty of contributory negligence in only a slight degree and that of the employer was gross, in comparison then in rendering a verdict you shall diminish any award to the plaintiff in proportion to the amount of negligence attributable to the plaintiff as employee.

"You are instructed that contributory negligence is negligence on the part of a person injured which, cooperating in some degree with the negligence of another, helps in proximately causing the injury of which the former complains, and if you find from the evidence that the plaintiff was guilty of contributing negligence amounting to more than slight negligence in comparison with the negligence of the defendant, if any, you must render a verdict in favor of the defendant and against the plaintiff.

"The Court instructs the jury that under the law ordinary care and diligence is required at the hands of plaintiff, and it also exacts at the hands of the defendant the same measure of diligence and requires at their hands the use of reasonable care and diligence in preventing any one employed by him from injury; and while the law requires this reasonable care and diligence on the part of the defendant, it does not exempt the person injured from the same degree of diligence and care in discharging the duty of his employment . . .

"You are instructed that the law does not impose a liability on an employer for an injury to an employee which occurred solely through the negligence of the employee without any fault of the employer and

and scraper, together with an operator employed, paid and controlled by the firm and not by defendants; there is no suggestion that defendants had or exercised any control over the acts of the operator. The payment of $759, therefore, was made to an independent contractor, not to an employe. (*Burlingham* v. *Gray* (1943), 22 Cal.2d 87, 99-100 [137 P.2d 9]; *Riskin* v. *Industrial Acc. Com.* (1943), 23 Cal.2d 248,

---

if you find from the evidence that the injury to the plaintiff occurred solely through his own negligence, you must render a verdict in favor of the defendants and against the plaintiff.''

The jury were then told, at the request of plaintiff, that,

''You are instructed that the Labor Code of the State of California provides special remedies whereby an employee may be compensated for injuries arising out of and in the course of his employment, under certain conditions.

''One of these remedies consists of workmen's compensation, where the conditions set forth in Division 4 of said Code exist. This division provides that certain classes of employees are excluded from those compensation provisions.

''The Second remedy is found in Division 3 of said Code and provides for those classes of employees excluded from the compensation provisions of Division 4. The following special instructions with respect to the Labor Code will explain and clarify these two divisions.

''In Division 4 of said Code, the workmen's compensation division, the following provisions are found:

''*Sec. 3300.* 'Employer' defined. As used in this division, 'employer' means:

''(a) The State and every State agency.

''(b) Each county, city, district, and all public and quasi-public corporations and public agencies therein.

''(c) Every person including any public service corporation, which has any natural person in service.

''(d) The legal representative of any deceased employer.

''*Sec. 3351.* 'Employee' defined. 'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, and includes:

''(a) Aliens and minors.

''(b) All elected and appointed paid public officers.

''(c) All officers and members of boards of directors of quasi-public or private corporations while rendering actual service for such corporations for pay.

''*Sec. 3352.* Persons excluded. 'Employee' excludes:

'' . . .

''(b) Any person employed in farm, dairy, agricultural, viticultural or horticultural labor, or in stock or poultry raising where the compensation provisions of this division are rejected or do not apply, in accordance with Chapter 9 of this part.

'' . . .

''*Sec. 3355.* 'Course of trade, business, profession or occupation of his employer' defined. 'Course of trade, business, profession or occupation of his employer' includes all services tending toward the preservation, maintenance, or operation of the business, business premises, or business property of the employer.

''*Sec. 3356.* 'Trade, business, profession, or occupation of his employer' defined. 'Trade, business, profession, or occupation of his employer'

253-254 [144 P.2d 16].) There is no evidence of any substantiality which could support a finding that the firm which graded defendants' field, or the firm's employe, was an employe of defendants. Of course, where there is any real conflict in the evidence the finding of the trier of fact is conclusive. ▮ But the trier of fact is not entitled, arbitrarily or upon mere caprice, to disregard uncontradicted, entirely probable testimony of unimpeached witnesses. Adapting the

---

includes any undertaking actually engaged in by the employer with some degree of regularity, irrespective of the trade name, articles of incorporation, or principal business of the employer.

"*Sec. 3357.* Presumption as to person being an employee. Any person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee.

"*Sec. 3600.* Conditions essential. Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur:

"(a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

"(b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment.

"(c) Where the injury is proximately caused by the employment, either with or without negligence.

"(d) Where the injury is not caused by the intoxication of the employee.

"(e) Where the injury is not intentionally self-inflicted.

"*Sec. 3601.* Exclusive remedy. Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706, the exclusive remedy against the employer for the injury or death.

"*Sec. 3602.* Conditions not concurring, liability of employer. In all cases where the conditions of compensation do not concur, the liability of the employer is the same as if this division had not been enacted.

"*Sec. 3700.* Securing payment of compensation. Every employer except the State and all political subdivisions or institutions thereof, shall secure the payment of compensation in one or more of the following ways:

"(a) By being insured against liability to pay compensation in one or more insurers duly authorized to write compensation insurance in this State.

"(b) By securing from the commission a certificate of consent to self-insure, which may be given upon furnishing proof satisfactory to the commission of ability to self-insure and to pay any compensation that may become due to his employees.

"*Sec. 3706.* Failure to secure payment of compensation: Remedies of employee. If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition, may bring an action at law against such employer for damages, as if this division did not apply.

"*Sec. 3708.* Presumption of negligence: Burden of proof: Defenses abolished. In such action it is presumed that the injury to the employee

language of *Perguica* v. *Industrial Acc. Com.* (1947), 29 Cal.2d 857, 859 [179 P.2d 812], to the present situation, "Generally speaking, it is a question of fact to be determined by the [trier of fact], from the evidence adduced, whether the essential employer-employee relationship exists (*Riskin* v. *Industrial Acc. Com.*, 23 Cal.2d 248, 255 [144 P.2d 16]), and the finding on that issue will not be disturbed where it is supported by substantial evidence. (*S. A. Gerrard Co.* v. *Industrial Acc. Com.*, 17 Cal.2d 411, 414 [110 P.2d 377].) But 'if from all the facts only a single inference and one con-

---

was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence. It is not a defense to the employer that the employee was guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant. No contract or regulation shall restore to the employer any of the foregoing defenses.

"*Sec. 4250.* Presumption of acceptance by farmer and employees: Notice of rejection; Exception. Any person engaged in farm, dairy, agricultural, viticultural, or horticultural employments or in stock or poultry raising and those employed by him who are not subject to the compensation provisions of this division are, from and after September 1, 1927, conclusively presumed to have accepted the compensation provisions of this division and to have included in their contract of hire or apprenticeship, express or implied, a mutual agreement to accept such provisions, unless either the person employing or the person employed, has given, prior to the occurrance of any injury, notice of rejection of such compensation provisions. This section shall not apply to any person, or those employed by him, whose payroll for the preceding calendar year has not exceeded $500.

"*Sec. 4251.* Manner of giving notice of rejection: By employer. The person employing shall give notice of rejection only by:

"(a) Posting conspicuously at his place of employment where it may conveniently be read by those employed by him, one or more notices to the effect that he rejects the provisions of this division.

"(b) Filing with the commission a copy of the notice together with proof of posting the original.

"*Sec. 4252.* Same. By employee. The person employed shall give notice of rejection by:

"(a) Delivering a copy to the employer personally or by registered mail.

"(b) Filing with the commission a copy thereof together with proof of service.

"Where an employee is one of a class excluded by the provisions of Division 4 of the said Code the respective rights of employer and employee are provided for in Division 3 of said Code as follows:

"*Sec. 2700.* Effect of division upon Division IV. The provisions of this division shall not limit, change, or in any way qualify the provisions of Division IV of this code, but shall be fully operative and effective in all cases where the provisions of Division IV are not applicable.

"*Sec. 2750.* Definition. The contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or a third person.

"*Sec. 2800.* Indemnification for losses by employers want of care. An

clusion may be drawn, whether one be an employee or an independent contractor is a question of law.' (*Baugh* v. *Rogers*, 24 Cal.2d 200, 206 [148 P.2d 633, 152 A.L.R. 1043]; *Yucaipa Farmers etc. Assn.* v. *Industrial Acc. Com.*, 55 Cal.App.2d 234, 238 [130 P.2d 146]; see, also, *Burlingham* v. *Gray*, 22 Cal.2d 87, 100 [137 P.2d 9].) Here any reasonable view of the evidence on the issue of [the contracting firm's] status compels the conclusion that [defendants] met their burden of proving that [the firm] was an independent contractor (Lab. Code, § 5707(a)), and that the [jury's verdict, possibly] based on a contrary finding is not sustainable. [Citations.]''

 Under no circumstances would rental for equipment constitute a payroll charge; neither would a fee paid to an independent contractor. Nevertheless, the evidence of the payment of $759 went to the jury as if it were for them to determine whether, as a matter of fact, it was or was not a part of defendants' payroll. It does not appear that the Legislature in section 4250 of the Labor Code used the term "pay roll" in some unusual sense rather than in the ordinary sense of amounts due or expended for wages of employes. When the courts of this state have used the term, whether in connection with section 4250 or otherwise, it has been in such ordinary sense. (*Earl Ranch, Ltd.* v. *Industrial Acc. Com.* (1935), 4 Cal.2d 767, 768 [53 P.2d 154]; *MacGruer* v. *Fidelity*

employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care.

"*Sec. 2801. Defenses in action for personal injury to, or death of,* employee.

"In any action to recover damages for personal injury sustained within this State by an employee while engaged in the line of his duty or in the course of his employment as such, or for death resulting from personal injury so sustained, in which recovery is sought upon the ground of want of ordinary or reasonable care of the employer, or of any officer, agent or servant of the employer, the fact that such employee has been guilty of contributory negligence shall not bar a recovery therein when his contributory negligence was slight and that of his employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee.

"It shall be conclusively presumed that such employee was not guilty of contributory negligence in any case where the violation of any law enacted for the safety of employees contributed to such employee's injury.

"It shall not be a defense that:

"(a) The employee either expressly or impliedly assumed the risk of the hazard complained of.

"(b) The injury or death was caused in whole or in part by the want of ordinary or reasonable care of a fellow servant.

"No contract, or regulation, shall except the employer from any provisions of this section.''

& *Casualty Co.* (1928), 89 Cal.App. 227, 229 [264 P. 501];
*Beisigl* v. *Industrial Acc. Com.* (1935), 9 Cal.App.2d 739,
743 [51 P.2d 153].) Neither reason nor authority supports the
view for which plaintiff contends in his brief: That "the test
[of whether an expenditure is part of an employer's pay roll]
is whether or not the expenditure was necessary, reasonable and
in the usual course of farming operations." ▓ The specific
exception of employers whose payrolls have been less than
$500 from the requirement that employers either insure or
expressly reject the provisions of the Workmen's Compensa-
tion Act is manifestly intended to relieve from such obliga-
tion farmers who have had in their employ, under circum-
stances which would otherwise fall within the compensation
provisions of the act, only a few employes for only short
periods of time. As for the procedure adopted on the trial
of this case—the submission to the jury of the question of
defendants' duty to insure or expressly reject the provisions
of the act—the legislative classification based upon a $500
payroll would be uncertain of application and virtually mean-
ingless in legal significance if it depended in each case upon
a jury's determination as to whether expenditures other than
sums paid to employes as wages were or were not a part of
the employer's payroll.

 ▓ The only instruction as to the effect of the evidence
of payment of $759 to the independent contractor was given
at the request of plaintiff. It reads, "You are instructed that
payroll is defined in Webster's Unabridged Dictionary as
follows: 'A row [sic] or list of persons entitled to payment,
with the amounts due.'" In the circumstances the giving of
this instruction may well have aggravated the error in sub-
mitting such evidence for the jury's consideration; if the
jury gave the instruction any meaning they may have con-
cluded that, because the contractor was "entitled to payment"
for bringing about the result which it had undertaken to pro-
duce, such payment was a part of defendants' payroll. This
erroneous conclusion would lead the jury to the further
deduction, also erroneous, that defendants, as employers whose
payroll for the calendar year preceding the date of plaintiff's
injury exceeded $500, were required to secure the payment
of workmen's compensation. Since it is undisputed that
defendants did not secure the payment of such compensation,
the jury would then follow the inapplicable instruction, in the
language of section 3708 of the Labor Code, as to burden of

proof and the defense of contributory negligence, rather than the applicable instructions which placed the burden of proof of negligence on plaintiff and correctly advised the jury, in accord with section 2801 of such code, as to the defense of contributory negligence.

Inasmuch as it is impossible to determine whether the jury, in weighing the sharply conflicting evidence as to the negligence of defendants and of plaintiff, followed the inapplicable instruction in the words of section 3708 of the Labor Code, the giving of such instruction constituted prejudicial error. The situation is like that in *Barrett* v. *Southern Pac. Co.* (1929), 207 Cal. 154, 165 [277 P. 481]; that is, "It is impossible from the record to determine upon which of the two theories the jury found the defendant guilty of negligence. Some of them may have found against the defendant on the one and erroneous theory and the remaining jurors may have reached the same conclusion on the other theory. It cannot be said that the same verdict would have been reached if the jury had been correctly instructed. Under such circumstances the erroneous instruction was prejudicial. (See *Ginochio* v. *San Francisco,* 194 Cal. 159 [228 P. 428]; 24 Cal.Jur. p: 864, and cases cited [particularly *Wallis* v. *Southern Pac. Co.* (1921), 184 Cal. 662, 672 [195 P. 408, 15 A.L.R. 117]].)"

For the reasons above stated the judgment is reversed.

Gibson, C. J., Shenk, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I dissent.

As I understand the majority opinion it holds that the evidence shows, *as a matter of law,* that the leveling work done on defendant's land was by an independent contractor, and, therefore, the sum paid to him by defendant was not a part of defendant's payroll, and hence plaintiff cannot recover on the basis of the law applicable to a person subject to the workmen's compensation laws who has failed to carry workmen's compensation insurance. I do not agree with this holding.

It is clear that under the circumstances of this case, as pointed out by the majority opinion, the plaintiff is entitled to recover, and the judgment should be affirmed, if defendant and his employees were subject to the workmen's compensation laws, for under those laws there is a presumption of negligence, and contributory negligence is no defense where

the employer fails to carry such insurance. The jury was instructed that that was the law, and because of claimed error in those instructions the majority reverses the judgment for plaintiff. In so doing it is necessary for them to say that, as a matter of law, the evidence was insufficient to show that defendant came under the workmen's compensation laws. It is true that an employer of agricultural labor may not be subject to those laws but he may agree to subject himself to them, and if he fails to give notice of rejection of their provisions he is *conclusively presumed* to have accepted them—made himself subject to them. (Lab. Code, § 4250.)

Here there is no dispute that defendant failed to give notice of such rejection and the only issue is whether defendant fell within the terms of the last sentence of section 4250 of the Labor Code, reading: "This section shall not apply to any person, or to those employed by him, whose payroll for the preceding calendar year has not exceeded $500." In applying this provision to the case at bar, the majority fails to consider three basic rules of law which are clearly applicable. They are:

(1) Under the above-mentioned section and the quoted portion thereof the burden of proof rests upon the employer to show that he had a payroll of less than $500 for the preceding calendar year. Once it is shown (as it was here) that an employer is within the terms of the section (4250), and thus an employer subject to the workmen's compensation laws, then it devolves upon him to prove that he was taken out by reason of having a payroll of less than $500 for the preceding year as provided in the above quoted last sentence · thereof. This is in accordance with the well established rule that one who claims to fall within an exception in a statute has the burden of proving such claim. (*Owens* v. *Luckett*, 192 Okla. 685 [139 P.2d 806] ; *Barringer* v. *Dinkler Hotels Co.*, 61 F.2d 82; 31 C.J.S., Evidence, § 104, p. 712.) This is in harmony with the general rule that the burden of proof rests upon the one in the superior position to produce evidence on the subject. (31 C.J.S., Evidence, § 113, p. 721.) Obviously the employer has complete control of and access to his own payrolls. His employees do not. Thus, as the jury was the exclusive judge of the credibility of witnesses, it was for it to decide whether the burden had been sustained—the testimony believed. This court cannot say properly, as does the majority here, that as a matter of law, the evidence could not be disbelieved.

(2) The evidence on the subject of whether the payment for the leveling job was made as a part of the defendant's payroll or constituted payment made pursuant to a contract with an independent contractor was sufficient from which the jury could determine that it was the former and not the latter. Defendant, Mr. Bratlie, testified on cross-examination: "Q. How many acres did Jones Brothers level for you? A. I would not know that without looking up the record. Q. Jones Brothers were going to charge you $40 an acre for doing that work, weren't they? A. They worked by the hour. Q. Originally they intended to charge you $40 an acre, but you would not agree to that, *and then you hired them by the hour, isn't that right?* A. *That is right.*" [Emphasis added.]

(3) Inasmuch as the issue is whether defendant employer was subject to the workmen's compensation laws, from the showing of performance of services as appears from the testimony above quoted, it follows that a presumption arises that the supplier of those services was an employee and not an independent contractor. (See, *Industrial Ind. Exch.* v. *Industrial Acc. Com.*, 26 Cal.2d 130 [156 P.2d 926]; *Schaller* v. *Industrial Acc. Com.*, 11 Cal.2d 46 [77 P.2d 836]; *Skillman* v. *Industrial Acc. Com.*, 131 Cal.App. 493 [21 P.2d 658]; *Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 93 Cal.App. 313 [269 P. 733].) It was a question for the jury and properly submitted to them, whether defendant had overcome that presumption.

It is clear that we have here presented nothing more than a factual issue which should have been and was submitted to the jury and decided by it. The majority opinion makes that issue one of law and usurps the function of the arbiter of fact contrary to the settled law of this state as provided in our Constitution and statutes and declared by our courts. Under our system of jurisprudence the weighing of the evidence and the determination of the effect of the inferences to be drawn therefrom is solely for the trier of fact (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689]; *Eagles* v. *Samuels*, 329 U.S. 304 [67 S.Ct. 313, 91 L.Ed. 308]; *Tennant* v. *Peoria & P.U.R. Co.*, 321 U.S. 29 [64 S.Ct. 409, 88 L.Ed. 520]; *Ellis* v. *Union Pacific Ry. Co.*, 329 U.S. 649 [67 S.Ct. 598, 91 L.Ed. 572]; *Labor Bd.* v. *Hearst Publications*, 322 U.S. 111 [64 S.Ct. 851, 88 L.Ed. 1170]; *Commissioner* v. *Scottish Amer. Co.*, 323 U.S. 119 [65 S.Ct. 169, 89 L.Ed. 113]; *Unemployment Compensation Commission* v. *Aragon*, 329 U.S. 143 [67 S.Ct.

245, 91 L.Ed. 136] ; *Cardillo* v. *Liberty Mut. Ins. Co.*, 330 U.S. 469 [67 S.Ct. 801, 91 L.Ed. 1028]).

In my opinion the judgment should be affirmed.

Edmonds, J., concurred.

Respondent's petition for a rehearing was denied December 20, 1948. Edmonds, J., and Carter, J., voted for a rehearing.