[Civ. No. 19925. Third Dist. June 8, 1981.]

HARMIE WILLIAM LOGAN, Plaintiff and Respondent, v. VICTOR MASTERS, Defendant and Appellant.

[Civ. No. 19926. Third Dist. June 8, 1981.]

WILLIAM McGRATH, Plaintiff and Respondent, v. VICTOR MASTERS, Defendant and Appellant.

146

COUNSEL

Tocher, Gazzigli & Fuller, Douglas C. Sohn and Joseph A. Bazzigli for
Defendant and Appellant.

John T. Larimer, Barr, Minoletti & Newlan, John Barr and Beth
Livezey for Plaintiffs and Respondents.

OPINION

**PARAS, J.**—Defendant appeals from money judgments entered in favor
of plaintiffs on their complaints for personal injuries. The cases were
tried together and we have consolidated them on our own motion.

The underlying facts are not in dispute. Plaintiffs were defendant's
employees in a logging operation in Trinity County; they were injured
in separate incidents on the same day and brought separate suits in
superior court. Defendant did not maintain workers' compensation in-
surance; in such cases an action at law is authorized by Labor Code
section 3706.[1]

The sole issue on appeal is the trial court's refusal to instruct the
jury on comparative negligence. We agree with and affirm the trial
court.

[1]All further statutory references are to the Labor Code.

The focus of arguments on the disputed instruction, both here and in the trial court, is section 3708; in part it provides: "In such [§ 3706] action it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of the proof is upon the employer, to rebut the presumption of negligence. *It is not a defense to the employer that the employee was guilty of contributory negligence,* or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant. No contract or regulation shall restore to the employer any of the foregoing defenses." (Italics added.)

Defendant argues that *Li* v. *Yellow Cab* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393] rendered the term "contributory negligence" meaningless. He relies on an analogy between worker's compensation and strict product liability, noting that the courts have found comparative negligence applicable in the latter setting. (See *Daly* v. *General Motors Corp.* (1978) 20 Cal.3d 725 [144 Cal.Rptr. 380, 575 P.2d 1162].) We conclude however that section 3708 is a part of the special comprehensive legislative scheme relating to workers' compensation, and as such is unaffected by *Li*.

Employee proceedings against employers for on-the-job injuries can be divided into three broad categories. First, employees injured in the regular course of their employment are given normal workers' compensation remedies (§ 3200 et seq.) against insured employers. With exceptions not here relevant, the applicable statutes provide a compulsory and exclusive scheme of employer liability without fault, based on insurance concepts. (See Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) Workmen's Compensation and Other Remedies, § 1.3, p. 4.) Second, when the type of *employment* is not within the scope of these provisions, the employee may bring an action at law, subject to the provisions of section 2801 which defines the employer's defenses. (See 2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen's Compensation, § 25, p. 871.) That section has long provided for a form of comparative negligence in which slight contributory negligence by an employee reduces the amount of damages but does not bar recovery against a grossly negligent employer. (Palmer, *Let Us Be Frank About Comparative Negligence* (1952) 28 L.A. Bar Bull. 37, 56.) Third, when the employer does not participate in the insurance program,[2] the employee may bring a tort action at law as if the workers'

---

[2]Excluded from this category of course are employers who self-insure under the provisions of sections 3700 through 3702.5.

compensation law did not apply. (§ 3706.) In such cases, the Legislature has placed the burden of proof on the defendant employer and limited his available defenses. (§ 3708; see generally, *Mantoya* v. *Bratlie* (1948) 33 Cal.2d 120, 123-124 [199 P.2d 677].) In contrast to proceedings before the Workers' Compensation Appeals Board, the employer in a section 3706 case is exonerated by a proven absence of negligence; but the employee's negligence is in any event irrelevant.

Despite *Li* v. *Yellow Cab, supra*, section 3708 means what it says and continues to fit rationally into the legislative scheme. Comparative negligence, like contributory negligence, is unavailable to the employer. Were defendant's argument to prevail, uninsured employers would have a potential advantage over insured employers, a result clearly contrary to the Legislature's intent.

Moreover, the Legislature amended section 3708 in 1977, two years after *Li* was decided. (Stats. 1977, ch. 17, § 22, pp. 31-32), to add a second paragraph (not here relevant), but made no change in the defense provisions defendant attacks. (*Ibid.*) This too indicates the legislative intent to be as we have declared it.

The judgments are affirmed.

Puglia, P. J., and Carr, J., concurred.

A petition for a rehearing was denied July 2, 1981.