[No. F036499. Fifth Dist. May 30, 2002.]

HOMERO RUIZ, an Incompetent Person, etc., Plaintiff and Appellant, v. JUAN CABRERA, Defendant and Respondent.

## COUNSEL

Sayre & Chavez and Thomas A. Brill for Plaintiff and Appellant.

Yohman, Parker, Kern & Nard, Richard J. Kern; Laughlin, Falbo, Levy & Moresi, David W. Hughes; Law Offices of Andre Hassid & Associates and Andre Hassid for Defendant and Respondent.

## OPINION

**VARTABEDIAN, J.**—This is an appeal from a final judgment entered on defendant's motion for summary judgment. The sole issue is whether the exclusive remedy provisions of the Workers' Compensation Act apply when the employer is a licensed farm labor contractor. We conclude, consistent with *Martinez v. State Compensation Ins. Fund* (1995) 32 Cal.App.4th 1589, 1596 [38 Cal.Rptr.2d 639], that the exclusive remedy of an injured employee in the present circumstances is workers' compensation. Accordingly, we affirm the judgment.

### Facts and Procedural History

The facts are not in dispute. On September 7, 1997, plaintiff Homero Ruiz was an agricultural laborer hired by defendant Juan Cabrera, doing business as J.C. Contracting. Cabrera was a farm labor contractor, registered as such pursuant to the California Farm Labor Contractors Act (FLCA). (See Lab.

Code, § 1682 et seq.)[1] Cabrera directed another of his employees, Ofelia Lopez, to provide transportation for part of the work crew, including Ruiz, in her van. She did. She failed to obey a stop sign and caused a collision in which three crew members were killed and others, including Ruiz, were injured.

Ruiz, through his guardian ad litem, sued Cabrera, Lopez, and others in an action that eventually was consolidated with actions brought by other injured crew members and the survivors of those killed in the accident.

In granting judgment for Cabrera, the trial court concluded that, because Ruiz was an employee of Cabrera and was injured in the course and scope of his employment, workers' compensation was the exclusive remedy available to Ruiz. After judgment was entered on July 11, 2000, Ruiz filed a timely notice of appeal.

### *Discussion*[2]

Section 3602, subdivision (a), provides that, as a general matter, where the statutory conditions for compensation under the Workers' Compensation Act "concur, the right to recover such compensation is [with enumerated exceptions] . . . the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer."

Notwithstanding section 3602, plaintiff argues that FLCA creates an implied exception to the general rule of workers' compensation exclusivity. Plaintiff reasons as follows: Sections 1695.7, subdivision (c)(4) provides that an "aggrieved worker" may bring a civil action for violation of "this section"; the section sets forth, as applicable here, the FLCA licensing requirement. Section 1697, subdivision (b), provides that an "employee aggrieved by any violation of this chapter," with stated exceptions, may bring a civil action "for injunctive relief or damages, or both . . . ." By virtue of the use of "worker" and "employee" in these sections, the Legislature must have contemplated an exception to the exclusivity rule of section 3602, according to plaintiff, otherwise the grant of a private right of action would be meaningless. Invoking the canons of statutory interpretation that

---

[1] All further statutory references are to this code, except as otherwise noted.

[2] By motion filed May 11, 2001, defendant requests, without opposition, that we take judicial notice of particular items of legislative history pertinent to statutes at issue in this matter. We grant that motion, and our discussion reflects consideration of this legislative history.

the specific prevails over the general (*Fuentes v. Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 8 [128 Cal.Rptr. 673, 547 P.2d 449]) and that an absurd result should be avoided if possible (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 [111 Cal.Rptr.2d 564, 30 P.3d 57]), plaintiff concludes that an employer registered under FLCA is not entitled to the protection of section 3602.

FLCA is primarily intended to protect farmworkers from mistreatment at the hands of their employers. It is hardly surprising, therefore, that when the Legislature added a private right of action to enforce FLCA in 1976 (see Stats. 1976, ch. 803, § 4, p. 1853), it conferred that right of action upon an "employee."

It is also unsurprising, however, that the Legislature described the employee as one "aggrieved by any violation of this chapter." The focus of FLCA is the preservation of the financial integrity of the employment relationship by ensuring the payment of wages (§§ 1695, subd. (a)(3) & 1684, subd. (a)(3)), assuring the availability of work when such work is promised (§§ 1696 & 1696.6), and prohibiting imposition of unfair charges against employees as a condition of access to work (§§ 1697.1, 1698.3, 1698.8). While it would not be a misuse of language for the Legislature to describe an employee as "injured" by a violation of these protective provisions, the choice of the alternative designation "aggrieved" more accurately reflects the scope of protections intended by FLCA.

Thus, "injured" and "aggrieved" have been distinguished in usage by the Supreme Court, as in the following quotation: "We note, first, that although one function of section 132a may be to deter employers from discriminating against industrially *injured* employees, the statute also serves a remedial function, by providing some compensation to the *aggrieved* worker for discrimination incurred as the result of his *injury*." (*Judson Steel Corp. v. Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668 [150 Cal.Rptr. 250, 586 P.2d 564], italics added.) In this example, a worker suffers physical "injury" but he or she is "aggrieved" by the further discrimination at the hands of the employer.

It is also worth noting that plaintiff does not refer us to any provision of FLCA or its implementing regulations that specifically addresses physical injury of farmworkers. Our own examination of FLCA reveals only one instance in which physical injury arguably is addressed in some manner. Section 1695, subdivision (a)(6) requires that the FLCA licensee "[t]ake out a policy of insurance . . . satisfactory to the [Labor Commissioner], which insures the licensee against liability for damage to persons or property

arising out of the licensee's operation of, or ownership of, any vehicle or vehicles for the transportation of individuals in connection with his . . . operations as a farm labor contractor." Because this subdivision focuses on vehicles "for the transportation of individuals," and not simply all vehicles used in the labor contractor's business, it could be argued the statute envisions personal injury liability arising from the contractor's injury of workers transported in the insured vehicles.

One might ask (although plaintiff does not): Why require such insurance if workers' compensation exclusivity means that the insurance would never be called upon for payment of a worker's personal injury claim? The history of section 1695 suggests the requirement of subdivision (a)(6) may simply be a historical anomaly. Subdivision (a)(6) initially was enacted in 1951 as subdivision (5) of the original act. (See Stats. 1951, ch. 1746, § 2, p. 4161.) In 1951, the status of farmworkers under the Workers' Compensation Act was complex. In essence, an agricultural employer could simply opt out of workers' compensation coverage. (See *Mantonya v. Bratlie* (1948) 33 Cal.2d 120, 124 [199 P.2d 677].) By opting out of the workers' compensation system, the employer presumably would have been subject to ordinary civil liability for his negligent operation of farmworker transportation and his workers would have benefited from the liability insurance requirement. Presently, however, workers' compensation coverage for farmworkers is mandatory, rendering the requirements of section 1695, subdivision (a)(6) archaic, at least to the extent that section concerns employees of the contractor.[3]

In light of this history and the language used in sections 1695.7 and 1697, we are unable to conclude that application of the exclusivity provisions of section 3602 would render the provisions of sections 1695.7 and 1697 meaningless or absurd. Instead, application of the exclusivity provisions in

---

[3]Our research has disclosed no existing administrative regulation in which the Labor Commissioner has specified what insurance might be "satisfactory" under section 1695, subdivision (a)(6).

In *Adams Fruit Co. v. Barrett* (1990) 494 U.S. 638 [110 S.Ct. 1384, 108 L.Ed.2d 585], cited in *Martinez v. State Compensation Ins. Fund, supra,* 32 Cal.App.4th at pages 1591-1592, the United States Supreme Court held that the remedies provided in a federal law regulating labor contractors were not supplanted by the exclusive remedy provisions of state workers' compensation laws in a case involving personal injuries arising from an accident involving a labor contractor's van. Congress subsequently amended the federal statute to provide expressly that workers' compensation, when available to the farm laborer, is the exclusive remedy for physical injuries. 29 United States Code section 1854(d)(1) currently provides: "Notwithstanding any other provision of this chapter, where a State workers' compensation law is applicable and coverage is provided for a migrant or seasonal agricultural worker, the workers' compensation benefits shall be the exclusive remedy for loss of such worker under this chapter in the case of bodily injury or death in accordance with such State's workers' compensation law."

the present circumstances would harmonize the provisions of FLCA and the Workers' Compensation Act in the manner undertaken by the Supreme Court in the two cases plaintiff cites in his brief on appeal.

First, plaintiff cites *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143 [77 Cal.Rptr.2d 445, 959 P.2d 752]. The issue in that case was whether section 132a provides the exclusive remedy when an employer discriminates against a worker who has been injured on the job. (18 Cal.4th at p. 1148.) Section 132a provides a remedy within the workers' compensation system for such discrimination in the amount of one-half of the injured worker's total compensation award, up to $10,000.

In concluding section 132a does not provide the exclusive remedy for disability discrimination arising from an on-the-job injury, the Supreme Court contrasted section 132a with section 3602. The court noted that section 3602 made the workers' compensation remedy exclusive only for injuries made compensable by section 3600 (*City of Moorpark v. Superior Court, supra,* 18 Cal.4th at p. 1154), that is "personal physical injury or death" "sustained in and arising out of the course of employment." (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 16 [276 Cal.Rptr. 303, 801 P.2d 1054, 20 A.L.R.5th 1016].) The discrimination prohibited under section 132a is not an injury made compensable under section 3600 and, therefore, the exclusivity provision was not, in terms, applicable to a disability discrimination claim. (*City of Moorpark v. Superior Court, supra,* at p. 1154.) Accordingly, the court concluded that an injured worker could pursue a disability discrimination claim under the Fair Employment and Housing Act or a so-called *Tameny* wrongful termination claim (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314]), even though the disability arose from an on-the-job injury. (*City of Moorpark v. Superior Court, supra,* at p. 1158.)

The second case cited by plaintiff is *Shoemaker v. Myers, supra,* 52 Cal.3d 1. In that case, the Supreme Court addressed the scope of workers' compensation exclusivity as established in the earlier case of *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148 [233 Cal.Rptr. 308, 729 P.2d 743]. In *Cole,* the court held that the exclusivity rule did not bar a civil action against an employer where action taken against an employee fell outside the "compensation bargain" or, roughly speaking, outside the normal employment relationship.

In *Shoemaker,* a state employee was harassed by his supervisors and ultimately fired in connection with his complaints about complicity of his supervisors in illegal activities by state contractors. (*Shoemaker v. Myers,*

*supra,* 52 Cal.3d at pp. 7-8.) The court concluded that, because of the strong and explicit statutory prohibition on retaliation against governmental "whistleblowers," the supervisors' conduct fell outside the "compensation bargain" as defined in *Cole.* Because the supervisors' intentional conduct fell outside the compensation bargain, the employee was entitled to seek compensation for his emotional distress injury in a civil action. (52 Cal.3d at p. 23.)

In the present case, plaintiff contends neither that he has suffered injuries not compensable in the workers' compensation system, such as the discrimination suffered in *City of Moorpark,* nor that his injuries arose from employer conduct outside the "compensation bargain," as in *Shoemaker.* Instead, he alleges he suffered ordinary (albeit very severe) physical injury while engaged in the course and scope of his employment. We hold that plaintiff's exclusive remedy for such physical injury is workers' compensation. (§ 3602.)

## DISPOSITION

The judgment is affirmed. Defendant is awarded his costs on appeal.

Ardaiz, P. J., and Wiseman, J., concurred.