Filed 3/19/14  Lopez v. Delgadillo CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SACRAMENTO LOPEZ,<br><br>    **Plaintiff and Respondent,**<br><br>    v.<br><br>**ELENA DELGADILLO et al.,**<br><br>    **Defendants and Appellants.** | **A137463**<br>**A138246**<br><br>(Alameda County<br>**Super. Ct. No. HG09473452**) |

Appellants Elena Delgadillo and Jesus Cortez (appellants) appeal an award of unpaid wages, damages, and attorney fees to their former employee, respondent Sacramento Lopez.  They contend (1) Lopez's exclusive remedy for a workplace injury was workers' compensation; (2) the trial court improperly excluded evidence of Lopez's drug and alcohol use at the time of the workplace injury; (3) Lopez's immigration status precludes an award for backpay; and (4) attorney fees should not have been awarded.  We affirm.

## BACKGROUND

Lopez was injured while working for appellants.  He sued, seeking damages for the injury and also alleging violations of various wage and hour laws.  In response to an interrogatory request propounded during discovery, appellants admitted they did not have workers' compensation insurance covering Lopez's injury.

1

Appellants later reversed course and contended they did have insurance, relying on a workers' compensation policy purchased for a different employment site, which they argued also covered the employment site where Lopez was injured. Their insurance company denied coverage and appellants filed a separate lawsuit against the insurance company and others (the insurance action), naming Lopez as an indispensable party.[1] Appellants voluntarily dismissed with prejudice the insurance action prior to trial in Lopez's lawsuit.

After a jury verdict in Lopez's favor, the trial court entered judgment awarding Lopez unpaid wages and penalties for the wage and hour violations, and damages (medical expenses and noneconomic losses) for the workplace injury. The trial court subsequently awarded Lopez attorney fees, including fees for work performed in the insurance action "because that action was closely related with this action and useful to its resolution."

DISCUSSION

I. *Applicability of Workers' Compensation Law*

Prior to trial, appellants filed a motion in limine to dismiss Lopez's complaint, arguing workers' compensation was the exclusive remedy for Lopez's injury.[2] The trial court denied the motion on three grounds: appellants waived this defense by failing to plead it as an affirmative defense; appellants admitted they lacked applicable workers' compensation insurance in an interrogatory response; and the workers' compensation policy relied upon by appellants could not reasonably be construed to apply to Lopez's injury. Appellants challenge this ruling on appeal, but we find no error.

---

[1] We grant appellants' July 9, 2013, unopposed request that we take judicial notice of the following documents filed in the insurance action: First Amended Complaint, Lopez's Answer to First Amended Complaint, Order regarding motion for summary judgment, and Request for Dismissal. In granting this request, we take judicial notice only of the fact these documents were filed, but not of the truth of any statements contained in them. (*Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1396.)

[2] An additional argument relating to Lopez's wage and hour violations is not relevant to this appeal.

"There are several essential conditions to an employer's liability to an employee under the workers' compensation law. [Citation.] Where those 'conditions of compensation' concur, the right to recover such compensation is generally the employee's exclusive remedy against his or her employer. [Citation.]" (*Gibbs v. American Airlines, Inc.* (1999) 74 Cal.App.4th 1, 9-10, fn. omitted (*Gibbs*).) However, if an employer has failed to obtain workers' compensation insurance or permission from the state to self-insure, the employee may bring a civil action for damages. (Labor Code, §§ 3700, 3706.)[3]

"It has long been established in this jurisdiction that, generally speaking, a defendant in a civil action who claims to be one of that class of persons protected from an action at law by the provisions of the Workers' Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its application. [Citations.]" (*Doney v. Tambouratgis* (1979) 23 Cal.3d 91, 96-97, fn. omitted.) However, "where the complaint affirmatively alleges facts indicating coverage by the act[,] unless the complaint goes on to state additional facts which would negative the application of the act, no civil action will lie and the complaint is subject to a general demurrer." (*Id.* at p. 97.) Accordingly, "[a] defendant need not plead and prove that it has purchased workers' compensation insurance where the plaintiff alleges facts that otherwise bring the case within the exclusive province of workers' compensation law, *and no facts presented in the pleadings or at trial negate the workers' compensation law's application or the employer's insurance coverage*. [Citations.]" (*Gibbs, supra,* 74 Cal.App.4th at p. 14, italics added.)

Lopez's complaint alleged an employment relationship and a workplace injury but did not allege appellants lacked workers' compensation insurance, and thus appellants were not required to plead workers' compensation exclusivity as an affirmative defense. However, Lopez subsequently presented evidence of facts negating the workers'

---

[3]  All undesignated section references are to the Labor Code.

compensation law's application (*Gibbs, supra,* 74 Cal.App.4th at p. 14), namely, appellants' admission in an interrogatory response that they lacked insurance coverage (Code Civ. Proc., § 2030.410; Evid. Code, § 1220). While admissions in interrogatory responses may be rebutted by credible contrary evidence (*Mason v. Marriage & Family Center* (1991) 228 Cal.App.3d 537, 545-546), appellants provided no such evidence here, as the trial court concluded the insurance policy did not apply to Lopez's injury.

In their briefs on appeal, appellants do not analyze the insurance contract itself to contend it does apply to Lopez's injury. They have therefore waived any such argument. (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538.) Instead, appellants' only response to the trial court's construction of the insurance policy is to rely on an order issued in the insurance action. This order denied a summary judgment motion filed by the insurance company, finding the applicability of the insurance policy to Lopez's injury was a question of fact. However, this was an interim order in a separate case that appellants voluntarily dismissed. Appellants do not contend the order has any res judicata or collateral estoppel effect, nor do they cite any authority to support such a contention. The mere existence of the order does not establish error in the trial court's ruling.

## II. *Evidence of Drug and Alcohol Use*

Appellants sought, over Lopez's objection, to present evidence at trial of Lopez's drug and alcohol use at the time of his injury. At a hearing held outside the presence of the jury, appellants' expert witness testified medical records showed that within a few hours of the accident, Lopez had an extremely low blood alcohol level — well below the legal limit for driving under the influence — and had taken cocaine sometime within one to two days prior. The trial court excluded the evidence as more prejudicial than probative under Evidence Code section 352, and refused appellants' request for a jury instruction regarding intoxication.

In lawsuits seeking damages for workplace injuries when the employer failed to obtain workers' compensation insurance (§ 3706), "it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence. It is not a

defense to the employer that the employee was guilty of contributory negligence" (§ 3708). After the California Supreme Court replaced contributory negligence with comparative negligence, this statute was construed to preclude a defense of the employee's comparative negligence. (*Logan v. Masters* (1981) 120 Cal.App.3d 145, 147-148 ["[c]omparative negligence, like contributory negligence, is unavailable to the employer," otherwise "uninsured employers would have a potential advantage over insured employers, a result clearly contrary to the Legislature's intent"].)

Accordingly, any evidence of Lopez's drug and alcohol use to show his negligence was properly excluded. To the extent any such evidence would be relevant for any other reason, the trial court's finding the proposed evidence was more prejudicial than probative under Evidence Code section 352 is reviewed under an abuse of discretion standard. (*People v. Harris* (2013) 57 Cal.4th 804, 845.) Given the very low levels of cocaine and alcohol in Lopez's system, we find no such abuse. Further, as no evidence of intoxication was presented to the jury, the trial court's refusal to instruct on intoxication was proper.

III. *Backpay Award*

Appellants contend Lopez is an undocumented worker and, as such, cannot be awarded backpay. Appellants rely on *Hoffman Plastic Compounds, Inc. v. NLRB* (2002) 535 U.S. 137 (*Hoffman Plastic*), which reviewed a National Labor Relations Board (NLRB) decision awarding backpay to an undocumented worker as a remedy for an employer's violation of the National Labor Relations Act (29 U.S.C.A. § 151 et seq.). " 'Back pay' 'seeks to make an employee whole by awarding wages that would have been earned but for an unlawful firing.' [Citation.]" (*Reyes v. Van Elk, Ltd.* (2007) 148 Cal.App.4th 604, 613, fn. 7 (*Reyes*).) *Hoffman Plastic* held the NLRB lacked the discretion to make such an award because it "runs counter to policies underlying [the federal Immigration Reform and Control Act of 1986]," to discourage the employment of undocumented workers. (*Hoffman Plastic*, at pp. 148-149.)

Contrary to appellants' assertion, the judgment did not award Lopez backpay — "wages that would have been earned but for an unlawful [act]." (*Reyes, supra,* 148

5

Cal.App.4th at p. 613, fn. 7.) Instead, he was awarded wages earned, but not paid, for work already performed; damages, which did not include any economic loss from lost work; and statutory penalties. Appellants do not argue *Hoffman Plastic* applies to such awards.[4]

In sum, appellants have demonstrated no error based on Lopez's immigration status.

IV. *Attorney Fees*

Appellants challenge the trial court's award of attorney fees to Lopez for (1) work performed in this case, and (2) work performed in the insurance action, in which appellants named Lopez as a defendant. We affirm the award.

As to the work performed in this case, appellants again argue they had workers' compensation insurance; we have rejected this argument above. As they failed to prove such insurance, an award of attorney fees is authorized by statute. (§§ 3706, 3709 [judgment against employer in lawsuit for damages from workplace injury where employer has failed to obtain workers' compensation insurance "shall include a reasonable attorney's fee fixed by the court"].)[5]

As to the work performed in the insurance action, "California case law clearly provides a trial court discretion to award a fee that compensates work performed in a collateral action that may not have been absolutely necessary to the action in which fees are awarded but was nonetheless closely related to the action in which fees are sought and useful to its resolution." (*Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 779-780 (*Children's Hospital*).) "Because a ruling whether fees should

---

[4] We note also that, in response to *Hoffman Plastic* (*Reyes, supra,* 148 Cal.App.4th at p. 615 & fn. 9), California's Legislature enacted section 1171.5, subdivision (a), providing, in relevant part: "All protections, rights, and remedies available under state law, except any reinstatement remedy prohibited by federal law, are available to all individuals regardless of immigration status who have applied for employment, or who are or who have been employed, in this state." This statute has been upheld against challenges based on *Hoffman Plastic* and its reasoning. (*Reyes, supra,* at pp. 615-619.)

[5] Appellants do not appear to contest the award of fees for the wage and hour claims, which are also authorized by statute. (§§ 218.5, subd. (a), 1194, subd. (a).)

6

be awarded requires 'an intensely factual [and] pragmatic' inquiry [citation], it is entitled to great respect and may be set aside as an abuse of discretion only if the record provides no basis for the ruling." (*Id.* at p. 781.)

We cannot say the trial court's ruling was an abuse of discretion in this case. The two cases both involved Lopez's workplace injury and whether appellants had workers' compensation insurance covering that injury. Appellants have provided no record for us to determine whether the work performed by Lopez's attorneys in the insurance action was useful to the instant case. Accordingly, we cannot say "the record provides no basis for the ruling." (*Children's Hospital, supra,* 97 Cal.App.4th at p. 781.)

Appellants contend each party in the insurance action agreed to bear their own fees and costs upon its dismissal. However, the only evidence cited in support of this contention is a line typed onto the form order of dismissal providing, "Each party bears its own fees and costs." This form was prepared by appellants and was not signed by Lopez or his counsel. Its entry by the clerk of the superior court is a ministerial act. (*Rosen v. Robert P. Warmington Co.* (1988) 201 Cal.App.3d 939, 943.) Accordingly, it does not demonstrate an enforceable agreement between appellants and Lopez that Lopez would not seek to recover his attorney fees for work performed in that case.

7

## DISPOSITION

The judgment and the order awarding attorney fees are affirmed.  Lopez is awarded his costs on appeal.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.