*Supp. 910
 
 MITCHELL, J.
 

 In a complaint filed in the Justice Court of the Victor Judicial District it is alleged that the defendant engaged in the business of contracting and acted in the capacity of a contractor without having a license therefor in violation of section 7028 of the Business and Professions Code.
 

 A contractor is defined in section 7026 of the Business and Professions Code as follows: “The term contractor ... is synonymous with builder ... a contractor is any person who . . . submit(s) a bid (or offers) to construct . . . any . . . structure ... or improvement or any part thereof ...”
 

 According to the statement of facts the defendant agreed with one Russell to erect a chimney and fireplace for the sum of $100 if Russell would furnish the materials and would help on the job.
 

 The work was done and the defendant received the agreed compensation.
 

 Appellant argues that he was not acting as a contractor but was, rather, an employee.
 

 Section 7053 of the Business and Professions Code provides as follows: ‘ ‘ This chapter does not apply to any person who engages in the activities herein regulated as an employee with wages as his sole compensation.”
 

 The term “wages” is defined in section 200 of the Labor Code as follows: “Wages includes all amounts for labor performed by
 
 employees
 
 of every description, whether the amount be fixed or ascertained by the standard of time, task . . . piece ... or other method of calculation.”
 

 Black’s Law Dictionary defines wages as “A compensation given to a hired person for his services ;
 

 “Remuneration payable for a given period.”
 

 “Compensation . . . paid a . . . person hired to do work or business.”
 

 Servant is defined in section
 
 3000
 
 of the Labor Code as “A servant is one who is employed to render personal service to his employer, otherwise than in the pursuit of an independent calling, and who in such service remains entirely under the control and direction of the later, who is called the Master.”
 

 Independent Contractor: “The essential element of the definition of an ‘independent contractor’ is, that he has control of the work under the contract, and this may be the case, though working on premises still in possession of the owner. ’ ’
 
 (Louthan
 
 v.
 
 Hewes,
 
 138 Cal. 116 [70 P. 1065].)
 

 
 *Supp. 911
 
 “The chief consideration which determines one to be an independent contractor is the fact that the employer has not right of control as to the mode of doing the work contracted for.
 

 “The fact that the work is to be done under the supervision of an architect or that the employer has the right to make alterations, deviations, additions and omissions from the contract does not change the relation from that of independent contractor to that of a mere servant.”
 
 (Green
 
 v.
 
 Soule,
 
 145 Cal. 96 [78 P. 337].)
 

 “ ‘One who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only, and not as to the means by which result is accomplished’ is an independent contractor.”
 
 (Hartford Acc. & Indem. Co.
 
 v.
 
 Industrial Acc. Com.,
 
 93 Cal.App. 313 [269 P. 733];
 
 Flickenger
 
 v.
 
 Industrial Acc. Com.,
 
 181 Cal. 425 [184 P. 851, 19 A.L.R. 1150];
 
 Fidelity & Cas. Co.
 
 v.
 
 Industrial Acc. Com.,
 
 191 Cal. 404 [216 P. 578, 43 A.L.R. 1304].)
 

 The defendant was an artisan, trained in his profession as a mason.
 

 He engaged to build a specified structure, to accomplish a specified result, for a specified compensation.
 

 The trial court found that the defendant was not an employee but was, in fact, an independent contractor.
 

 The judgment is affirmed.
 

 Coughlin, P. J., and Hilliard, J., concurred.